THE STATE EX REL. BLUE, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLANT, ET AL.

[Cite as *State ex rel. Blue v. Indus. Comm.* (1997), 79 Ohio St.3d 466.]

(No. 95–541—Submitted July 7, 1997—Decided September 24, 1997.)

468

*Schiavoni, Schiavoni & Bush Co., L.P.A., Joseph J. Bush III* and *Thomas Tootle,* for appellee.

*Betty D. Montgomery,* Attorney General, and *Diane M. Meftah,* Assistant Attorney General, for appellant Industrial Commission.

COOK, J.  Three questions are presented for our review: (1) Is there some evidence supporting the commission's determination that claimant is medically capable of sedentary work?  (2) Does the commission's nonmedical analysis satisfy the mandates of *Noll?* and (3) Did the court below err in returning the cause for consideration of claimant's memory loss?  For the following reasons, we answer each question affirmatively.  Accordingly, we reverse the judgment of the court of appeals.

Claimant does not—and cannot credibly—dispute his medical ability to do sedentary work.  The commission relied on Drs. Hoover, McCloud, and Dillahunt, all of whom certified a capacity for such employment.

The commission's order also satisfies *Noll.* Claimant's high school education and specialized electronics training present a favorable nonmedical profile. These two factors prompted the commission's conclusion that claimant had "the intellectual capacity and sufficient qualifications for successful training and eventual employment in the sedentary workforce."  This is a reasonable conclusion; it is not an abuse of discretion and meets the *Noll* requirements.

As another *Noll* flaw, claimant assails the commission's cursory mention of his age.  While the commission did not "discuss" this factor, that flaw, in this

instance, should not be deemed fatal. Claimant was fifty-seven when permanent total disability compensation was denied. While not a vocational asset, claimant's age is also not an insurmountable barrier to re-employment. If claimant's other vocational factors were all negative, further consideration of his age would be appropriate, since age could be outcome-determinative—the last straw that could compel a different result. All of claimant's other vocational factors are, however, positive. A claimant may not be granted permanent total disability compensation due solely to his age. Therefore, even in the absence of detailed discussion on the effects of claimant's age, the commission's explanation satisfies *Noll.*

Although the court of appeals' opinion seems to correspond with the above analysis, the court returned the case, citing the commission's failure to discuss claimant's alleged memory loss. This decision is erroneous and is reversed for the following reason.

Dr. Dillahunt was a reviewing physician, not an examining physician, and a nonexamining physician must accept the findings of those who personally examined the claimant. *State ex rel. Wallace v. Indus. Comm.* (1979), 57 Ohio St.2d 55, 59, 11 O.O.3d 216, 219, 386 N.E.2d 1109, 1112; *State ex rel. Hughes v. Goodyear Tire & Rubber Co.* (1986), 26 Ohio St.3d 71, 73–74, 26 OBR 61, 63, 498 N.E.2d 459, 461–462. Our review of the record reveals that no examining physician found claimant to have any memory loss. In fact, Dr. Dillahunt expressly accepted the factual findings of examining physicians Drs. DeRosa and Hoover, both of whom found claimant's memory and recall to be adequate. This inconsistency affects the credibility of the various reports. Since the commission weighs and evaluates the evidence, *State ex rel. Teece v. Indus. Comm.* (1981), 68 Ohio St.2d 165, 169, 22 O.O.3d 400, 403, 429 N.E.2d 433, 436, a reviewing court may not disturb the commission's decision either to disregard Dr. Dillahunt's unfounded statement or to credit instead the findings of Drs. DeRosa and Hoover. Dr. Dillahunt's opinion regarding memory loss constitutes a rejection of the essentially contrary findings of claimant's examiners, which disqualifies the opinion from evidentiary consideration. It cannot, therefore, be a basis for return.

Accordingly, we reverse the judgment of the court of appeals and reinstate the commission's decision denying permanent total disability compensation.

*Judgment reversed.*

MOYER, C.J., PFEIFER and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, RESNICK and F.E. SWEENEY, JJ., dissent and would affirm the judgment of the court of appeals.