THE STATE EX REL. RAWLS, APPELLANT, *v.* MIAMI MARGARINE
COMPANY; INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Rawls v. Miami Margarine
Co.* (1997), 80 Ohio St.3d 357.]

(No. 95–680—Submitted September 9, 1997—Decided December 3, 1997.)

*Butkovich, Schimpf, Schimpf & Ginocchio Co., L.P.A., Stephen P. Gast* and *James A. Whittaker,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Cheryl J. Nester,* Assistant Attorney General, for appellee.

**Per Curiam.** R.C. 4123.60 at the time of the decedent's death provided:

"Benefits in case of death shall be paid to such one or more of the dependents of the decedent, for the benefit of all the dependents as may be determined by the industrial commission. * * *

"In all cases of death * * * for which an award had theretofore been made on account of temporary, or permanent partial, or total disability, in which there remains an unpaid balance, representing payments accrued and due to the decedent at the time of his death, the commission may, after satisfactory proof has been made warranting such action, award or pay any unpaid balance of such award to such of the dependents of the decedent, or for services rendered on account of the last illness or death of such decedent, as the commission determines in accordance with the circumstances in each such case. *If the decedent would have been lawfully entitled to have made application for an award at the time of his death the commission may, after satisfactory proof to warrant an award and payment, award and pay an amount, not exceeding the compensation which the decedent might have received, but for his death, for the period prior to the date of his death,* to such of the dependents of the decedent, or for services rendered on account of the last illness or death of such decedent, as the commission determines in accordance with the circumstances in each such case, but such payments may be made only in cases in which application for compensation was made in the manner required by sections 4123.01 to 4123.94 of the Revised Code, during the lifetime of such injured or disabled person, or within one year after the death of such injured or disabled person." (136 Ohio Laws, Part I, 1169–1170.)

Appellant seeks the temporary total disability compensation to which she claims decedent was entitled prior to his death. The parties do not contest decedent's inability to return to his former position of employment over the period at issue. They instead debate the cause of that disability. The litigants dispute whether "some evidence" supports the conclusion that decedent's nonallowed hip problems prevented a return to the former position of employment. This question is, however, irrelevant, since temporary total disability compensation could still be paid if decedent's allowed back condition independently prevented his return. *State ex rel. Waddle v. Indus. Comm.* (1993), 67 Ohio St.3d 452, 619 N.E.2d 1018.

The commission found "no credible medical evidence" that the decedent's allowed condition was independently disabling. We do not find that conclusion to be an abuse of discretion.

Dr. O'Brien did not address decedent's allowed back condition, so it cannot support the payment of temporary total disability compensation. Likewise, Dr.

Donovan's September 23, 1988 exam—his last contact with the decedent—did not generate an opinion as to decedent's back-related disability. Dr. Donovan simply related that, *according to an outside source,* decedent had been unable to return to his job. This is not a credible certification of disability.

The record also contains two C-84 "Physician's Reports Supplemental" from Dr. Stephen M. Scott, who examined decedent on October 27, 1989, and certified him as temporarily and totally disabled due to his low back condition from August 21, 1988 through January 25, 1991. Scott, however, certified this twenty-nine-month period of disability based on a one-time exam that elicited no objective findings of impairment. Moreover, Dr. Scott certified decedent as disabled for a period part of which was prior to his October 27, 1989 exam. This fact renders that portion of the certification invalid under *State ex rel. Case v. Indus. Comm.* (1986), 28 Ohio St.3d 383, 28 OBR 442, 504 N.E.2d 30. Equally important, without the benefit of any additional examination that might have revealed the existence of new and changed circumstances, Dr. Scott, without explanation, later changed decedent's return-to-work date from January 1, 1990 to January 25, 1991. Viewing these factors together, it was within the commission's prerogative to reject Dr. Scott's certification.

We find, therefore, that the commission did not abuse its discretion in finding that no credible medical evidence supported an award of accrued compensation. For this reason, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.