[This opinion has been published in *Ohio Official Reports* at 80 Ohio St.3d 357.]

THE STATE EX REL. RAWLS, APPELLANT, *v*. MIAMI MARGARINE COMPANY; INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Rawls v. Miami Margarine Co.*, 1997-Ohio-337.]

*Workers' compensation—Industrial Commission does not abuse its discretion in finding that no credible medical evidence supported an award of accrued compensation, when.*

(No. 95-680—Submitted September 9, 1997—Decided December 3, 1997.)

APPEAL from the Court of Appeals for Franklin County, No. 94APD01-26.

———————————

{¶ 1} On February 28, 1988, decedent, James Rawls, broke his hip in an accident unrelated to his employment with Miami Margarine Company ("MMC"). On August 17, 1988, his attending physician, Dr. Michael D. O'Brien, released him to return to work. Wanting to ensure that decedent's return was not premature, MMC scheduled decedent for a return-to-work physical with Dr. James R. Donovan, Jr. on August 26, 1988. Dr. Donovan questioned decedent's readiness to return, and sent the decedent for a strength testing examination at a local hospital.

{¶ 2} During the test, decedent felt a pop in his low back. He was immediately examined by Dr. Donovan and diagnosed with a low back strain. Over the next three weeks, decedent continued to complain of low back pain. Dr. Donovan never saw claimant again after September 23, 1988.

{¶ 3} Decedent filed a workers' compensation claim, alleging that his back injury arose in the course of and arising from his employment. This claim was allowed.

{¶ 4} At some point, decedent moved appellee, Industrial Commission of Ohio, for temporary total disability compensation. A district hearing officer heard

his claim on June 12, 1992 and issued an order. That order denied temporary total disability compensation, since:

"* * * [C]laimant has not provided sufficient documentation of his inability to return to and perform his former position of employment as a 'Capper' due to the work-related injury on 8/23/88 [*sic*]. Claimant had been off work since 2/88 with a non-related condition and had been found unable to return to his former position of employment due to the non-industrial injury. Therefore, temporary total disability compensation is denied.

"This order is based on the reports [*sic*] of Dr. Donovan."

{¶ 5} On July 30, 1992, decedent died of nonindustrial causes. The widow-claimant, Patricia Rawls, appellant herein, pursuant to R.C. 4123.60, filed a C-6 "Application for Payment of Compensation Accrued at Time of Death." A district hearing officer denied the C-6, stating:

"* * * [T]here is no accrued compensation as the issue of temporary total disability compensation was denied by District Hearing Officer order on 6-12-92. The claimant died on 7-30-92, and thus the claim is abated.

"This order is based upon the medical report(s) of Dr. O'Brien, the evidence in the file and the evidence adduced at hearing."

{¶ 6} A regional board of review modified the order:

"* * * [T]he District Hearing Officer's order dated 1-19-93 is modified to the extent that the Regional Board finds that there was no compensation accrued for the reasons stated in the District Hearing Officer's order of 6-12-92. The order is affirmed in all other respects."

{¶ 7} Staff hearing officers, on October 25, 1993, in turn, modified the board's order:

"* * * [T]he order of the Dayton Regional Board dated 8/10/93 is modified to the following extent:

"The Staff Hearing Officers find there was no accrued compensation due and owing at time of claimant's death on 7/30/92. The Staff Hearing Officers find no credible medical evidence that claimant was unable to return to his former position of employment as a capper from 8/24/88 to 1/25/91 due to allowed conditions in the claim. Therefore, the application for accrued compensation is denied.

"In all other respects the order of the Regional Board is affirmed.

"The finding and order herein [are] based on the application, evidence in the file, and/or evidence adduced at the hearing."

{¶ 8} Reconsideration was denied.

{¶ 9} Appellant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying accrued compensation. The appellate court found that the order was supported by "some evidence" and denied the writ.

{¶ 10} This cause is now before the court upon an appeal as of right.

————————————

*Butkovich, Schimpf, Schimpf & Ginocchio Co., L.P.A., Stephen P. Gast* and *James A. Whittaker*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Cheryl J. Nester*, Assistant Attorney General, for appellee.

————————————

*Per Curiam.*

{¶ 11} R.C. 4123.60 at the time of the decedent's death provided:

"Benefits in case of death shall be paid to such one or more of the dependents of the decedent, for the benefit of all the dependents as may be determined by the industrial commission. * * *

"In all cases of death * * * for which an award had theretofore been made on account of temporary, or permanent partial, or total disability, in which there

remains an unpaid balance, representing payments accrued and due to the decedent at the time of his death, the commission may, after satisfactory proof has been made warranting such action, award or pay any unpaid balance of such award to such of the dependents of the decedent, or for services rendered on account of the last illness or death of such decedent, as the commission determines in accordance with the circumstances in each such case. *If the decedent would have been lawfully entitled to have made application for an award at the time of his death the commission may, after satisfactory proof to warrant an award and payment, award and pay an amount, not exceeding the compensation which the decedent might have received, but for his death, for the period prior to the date of his death*, to such of the dependents of the decedent, or for services rendered on account of the last illness or death of such decedent, as the commission determines in accordance with the circumstances in each such case, but such payments may be made only in cases in which application for compensation was made in the manner required by sections 4123.01 to 4123.94 of the Revised Code, during the lifetime of such injured or disabled person, or within one year after the death of such injured or disabled person." (136 Ohio Laws, Part I, 1169-1170.)

{¶ 12} Appellant seeks the temporary total disability compensation to which she claims decedent was entitled prior to his death. The parties do not contest decedent's inability to return to his former position of employment over the period at issue. They instead debate the cause of that disability. The litigants dispute whether "some evidence" supports the conclusion that decedent's nonallowed hip problems prevented a return to the former position of employment. This question is, however, irrelevant, since temporary total disability compensation could still be paid if decedent's allowed back condition independently prevented his return. *State ex rel. Waddle v. Indus. Comm.* (1993), 67 Ohio St.3d 452, 619 N.E.2d 1018.

{¶ 13} The commission found "no credible medical evidence" that the decedent's allowed condition was independently disabling. We do not find that conclusion to be an abuse of discretion.

{¶ 14} Dr. O'Brien did not address decedent's allowed back condition, so it cannot support the payment of temporary total disability compensation. Likewise, Dr. Donovan's September 23, 1988 exam—his last contact with the decedent—did not generate an opinion as to decedent's back-related disability. Dr. Donovan simply related that, *according to an outside source*, decedent had been unable to return to his job. This is not a credible certification of disability.

{¶ 15} The record also contains two C-84 "Physician's Reports Supplemental" from Dr. Stephen M. Scott, who examined decedent on October 27, 1989, and certified him as temporarily and totally disabled due to his low back condition from August 21, 1988 through January 25, 1991. Scott, however, certified this twenty-nine-month period of disability based on a one-time exam that elicited no objective findings of impairment. Moreover, Dr. Scott certified decedent as disabled for a period part of which was prior to his October 27, 1989 exam. This fact renders that portion of the certification invalid under *State ex rel. Case v. Indus. Comm*. (1986), 28 Ohio St.3d 383, 28 OBR 442, 504 N.E.2d 30. Equally important, without the benefit of any additional examination that might have revealed the existence of new and changed circumstances, Dr. Scott, without explanation, later changed decedent's return-to-work date from January 1, 1990 to January 25, 1991. Viewing these factors together, it was within the commission's prerogative to reject Dr. Scott's certification.

{¶ 16} We find, therefore, that the commission did not abuse its discretion in finding that no credible medical evidence supported an award of accrued compensation. For this reason, the judgment of the court of appeals is affirmed.

*Judgment affirmed*.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____