THE STATE EX REL. ROTHKEGEL, APPELLANT, *v.* CITY OF WESTLAKE; INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Rothkegel v. Westlake* (2000), 88 Ohio St.3d 409.]

(No. 98–1203—Submitted February 8, 2000—Decided May 17, 2000.)

" ▮ *

*Ticktin, Baron, Koepper & Co.* and *Harold Ticktin,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Steven K. Aronoff,* Assistant Attorney General, for appellees.

*Per Curiam.* Claimant initially alleges the right to a return of the cause to the commission pursuant to *State ex rel. Fultz v. Indus. Comm.* (1994), 69 Ohio St.3d 327, 631 N.E.2d 1057, based on the lack of reference to the Anderson vocational report in the commission's order. *Fultz,* however, does not apply. *Fultz* applies only where the disputed PTD order lists the evidence *considered* and omits a report from that list. In such a case, the evidence omitted is presumed to have been ignored. Where, as here, the commission lists only the evidence relied upon, omission does not raise the presumption that the evidence was overlooked.

As we explained in *State ex rel. Buttolph v. Gen. Motors Corp., Terex Div.* (1997), 79 Ohio St.3d 73, 77, 679 N.E.2d 702, 705.

"Although the commission is required to consider all evidence properly before it, it is not required to list each piece of evidence that it considered in its order. Under [*State ex rel.*] *Mitchell* [*v. Robbins & Myers, Inc.* (1983), 6 Ohio St.3d 481, 483–484, 6 OBR 531, 534, 453 N.E.2d 721, 724], * * * the commission is required to enumerate in its order '*only* that evidence which has been *relied upon* to reach their conclusion * * *.' (Emphasis added.) * * * There is no requirement that the commission list all evidence considered. * * *

"Nor does *Fultz* impose such a requirement. *Fultz* holds, in effect, merely that if the commission unnecessarily endeavors to enumerate the evidence considered, it must appear from its order that *all* evidence was given consideration. Thus, if the commission lists only the evidence *relied upon*, without any attempt to enumerate the evidence *considered Fultz* does not apply. * * *

"In the case *sub judice*, the commission's June 24, 1993 order listed only the evidence relied upon. No effort was made to list the evidence considered. Thus, *Fultz* is inapplicable, and the claimant's argument must fail."

We reached the same conclusion in *State ex rel. Lovell v. Indus. Comm.* (1996), 74 Ohio St.3d 250, 658 N.E.2d 284. There, we wrote:

"The present case and *Fultz* are distinguishable. Unlike *Fultz*, the present order did not unnecessarily enumerate the evidence considered. It listed only the evidence on which the order was based. Therefore, the presumption of regularity controls and consideration of claimant's deposition must be presumed." *Id.* at 253, 658 N.E.2d at 287.

In this case, the commission listed only the medical evidence on which it relied. *Fultz* does not, therefore, control.

Claimant also proposes that the commission's treatment of his age warrants a return of the cause for further consideration. The commission concedes that it mentioned claimant's age only in passing, but argues that the defect does not compel a return of the cause.

Claimant relies on *State ex rel. Moss v. Indus. Comm.* (1996), 75 Ohio St.3d 414, 662 N.E.2d 364, in which we held:

"[The commission has a] responsibility to affirmatively address the age factor. It is not enough for the commission just to acknowledge claimant's age. It must discuss age in conjunction with the other aspects of the claimant's individual profile that may lessen or magnify age's effects." *Id.* at 417, 662 N.E.2d at 366.

Since that time, we have declared that the absence of an age discussion is not necessarily a fatal flaw, nor does it, in some cases, even compel a return of the cause. In *State ex rel. Blue v. Indus. Comm.* (1997), 79 Ohio St.3d 466, 683

N.E.2d 1131—relied on by both the commission and the court of appeals—we wrote:

"As another *Noll* flaw, claimant assails the commission's cursory mention of his age. While the commission did not 'discuss' this factor, that flaw, in this instance, should not be deemed fatal. Claimant was fifty-seven when permanent total disability compensation was denied. While not a vocational asset, claimant's age is also not an insurmountable barrier to re-employment. If claimant's other vocational factors were all negative, further consideration of his age would be appropriate, since age could be outcome–determinative—the last straw that could compel a different result. All of claimant's other vocational factors are, however, positive. A claimant may not be granted permanent total disability compensation due solely to his age. Therefore, even in the absence of detailed discussion on the effects of claimant's age, the commission's explanation satisfies *Noll.*" *Id.* at 469–470, 683 N.E.2d at 1134.

Claimant responds that *Blue* did not overrule *Moss* and did not, therefore, eliminate the commission's responsibility to affirmatively discuss age. This is true, but claimant misses the point. The question is not whether the commission has such a duty, but rather what happens when the commission falls short of this duty. *Blue* indicates that where the claimant's other vocational factors are favorable, a return of the cause is not a given.

In this case, claimant's other vocational factors are favorable. Like the claimant in *Blue,* our claimant is a high school graduate. Both claimants, moreover, received extensive additional schooling in highly demanding areas— Blue as a certified electrician and our claimant as a paramedic.

Therefore, consistent with *Blue,* we decline to return the cause for further consideration, and affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, J., dissents.

RESNICK, J., dissents.

---

ALICE ROBIE RESNICK, **J., dissenting.** I would reverse the judgment of the court of appeals.