DECISION
{¶ 1} Relator, James R. West, Jr., commenced this original action requesting a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order denying relator's July 15, 1994 motion for temporary total disability ("TTD") compensation beginning August 10, 1993, and to enter an order granting TTD compensation beginning August 10, 1993.
{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 12(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) In his decision, the magistrate found that the board did not abuse its discretion in concluding that relator was not entitled to TTD compensation.
{¶ 3} The magistrate addressed three issues in reaching this result. First, the magistrate determined that Dr. Sheets, a non-examining physician, failed to accept the findings of those who personally examined claimant. Therefore, the commission could not give evidentiary consideration to Dr. Sheets' report.
{¶ 4} Second, the magistrate found that relator failed to meet his burden of proof in establishing a direct and proximate causal relationship between his industrial injury and the claimed disability. Therefore, the magistrate concluded that the failure of relator to meet his burden of proof constituted some evidence supporting the commission's conclusion that there was insufficient evidence to support a TTD award.
{¶ 5} Third, the magistrate found that the doctrine of laches did not bar relator's claim because the commission was not materially prejudiced by relator's delay in filing this action.
{¶ 6} Relator has filed an objection to the magistrate's decision. Relator's objection focuses on the magistrate's determination that there was some evidence to support the commission's denial of TTD compensation because relator failed to establish a causal link between his industrial injury and the claimed disability. Relator argues that, because the magistrate determined that Dr. Sheets' medical review could not be considered, there was no medical evidence to contradict Dr. Greene's conclusion that relator was unable to return to his former position of employment due to the allowed conditions in his claim. Relator further argues that the commission failed to explain why Dr. Greene's opinion did not establish the causal link between his industrial injury and the reason he was unable to return to his former position of employment — particularly given the absence of any contrary medical evidence.
{¶ 7} The June 22, 1994 report from Dr. Greene and related C-84 form indicate that relator was unable to return to his former position of employment due to the allowed conditions in his claim. Although Dr. Greene first treated relator two years after the industrial injury, his report indicates that relator previously had received treatment for his industrial injury in Sidney, Ohio. This report seems to constitute some evidence of a proximate causal relationship between the industrial injury and the claimed disability.
{¶ 8} Even though the commission concluded that Dr. Greene's report was insufficient to establish causation, it failed to adequately explain why the report was insufficient. Because the commission did not adequately explain why Dr. Greene's report was insufficient to establish the causal relationship between relator's industrial injury and the claimed disability, the decision fails to comply with State ex rel. Noll v. Indus. Comm. (1991), 57 Ohio St.3d 203.
{¶ 9} We adopt the findings of fact contained in the magistrate's decision and the conclusions of law relating to the rejection of Dr. Sheets' report from evidentiary consideration, as well as the rejection of the doctrine of laches. However, we sustain relator's objection to the magistrate's decision with respect to the issue of causation. Accordingly, we find that a writ of mandamus should be issued, ordering respondent, Industrial Commission of Ohio, to vacate its order denying relator's application for TTD compensation, and to enter a new order either granting or denying TTD application in a manner consistent with this decision.
Objection sustained; Writ of mandamus granted.
TYACK, P.J., and BOWMAN, J., concur.
 APPENDIX A IN MANDAMUS
{¶ 10} In this original action, relator, James R. West, Jr., requests a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order denying relator's July 15, 1994 motion for temporary total disability ("TTD") compensation beginning August 10, 1993 and to enter an order granting TTD compensation beginning August 10, 1993.
Findings of Fact:
{¶ 11} 1. On June 29, 1991, relator sustained an industrial injury while employed as a "furniture mover" for respondent Goffena Furniture, Inc., of Sidney, Ohio, a state-fund employer. The industrial claim is allowed for "cervical sprain, thoracic sprain, neck, and arm; cervicobrachial right syndrome" and is assigned claim No. 91-108510.
{¶ 12} 2. On August 10, 1993, relator first saw chiropractor Matthew A. Greene, D.C., whose office is located in Peebles, Ohio.
{¶ 13} 3. On April 12, 1994, Dr. Greene completed a C-84 on which he certified TTD beginning "July 93" to an estimated return to work date of June 1, 1994.
{¶ 14} 4. On June 22, 1994, Dr. Greene wrote:
 {¶ 15} James West came into my office on 08/10/93 due to injuries he sustained while moving furniture at his place of employment. He reports that he injured himself on 06/29/91. After that time he was treated in Sidney, OH. He then moved to this area and came to my office.
 {¶ 16} Immediately after the accident he reported that he had pain and swelling in his back and it got worse as the day went on. He continued to have pain and eventually numbness began in his arms and legs. He had muscle spasms in his middle back which radiated up his neck, shoulders, and around the rib cage.
 {¶ 17} Examination of the cervical spine revealed paravertebral muscle spasms with decreased ranges of motion in flexion and extension, and rotation. Spasms were also evident in the thoracic spine. There was restriction of normal motor unit motion in the lower cervical and mid-thoracic region.
 {¶ 18} Treatment in my office has been aimed at increasing mobility to the involved areas and to decrease pain and spasms that are present. Appropriate physiotheraputic modalities are also being used to aid in the healing of the soft tissues. He is doing better with treatment and he is noticing less frequent flare-ups of the condition. However, at this time I do not believe that he is able to return to work. When he does any type of physical activity it does cause flare-up of his condition.
 {¶ 19} Diagnosis: Cervical sprain. Thoracic sprain. Cervicobrachial Syndrome.
{¶ 20} 5. On July 15, 1994, relator moved for TTD compensation "from July 17, 1993 until he is released to return to work by his attending chiropractor." In support, relator submitted Dr. Greene's June 22, 1994 narrative report and Dr. Greene's April 12, 1994 C-84. Relator also submitted an undated letter from the office manager of Hilltop Ford-Lincoln-Mercury, Inc. ("Hilltop Ford") of Maysville, Kentucky, stating:
To whom it may concern,
 James West was employed at Hilltop Ford Inc. from June 21, 1993 to July 16, 1993.
{¶ 21} 6. On March 3, 1995, the claim file was reviewed by Dr. Sheets of the Ohio Bureau of Workers' Compensation ("bureau"). The bureau had posed the following query to Dr. Sheets:
 Is there evidence to support payment of compensation from 7-17-93 to present?
{¶ 22} In response to the above query, Dr. Sheets wrote:
Very scanty file reviewed.
This is a soft tissue injury nearly four years old.
 There is no medical evidence in the file to support the listed request.
Suggest denial.
{¶ 23} 7. On March 13, 1995, the bureau referred relator's July 15, 1994 motion to the commission for adjudication.
{¶ 24} 8. Following a May 16, 1995 hearing, a district hearing officer ("DHO") issued an order denying TTD compensation. The DHO's order states:
 {¶ 25} The C-86 filed 7/15/94 is modified by claimant's attorney; temporary total compensation is requested from 8/10/93 to present (5/16/95.)
 {¶ 26} The District Hearing Officer denies the C-86 filed 7/15/94, requesting temporary total compensation from 8/10/93 to 5/16/95. The District Hearing Officer finds insufficient objective evidence to support total disability beginning 8/10/93 over 2 years after the industrial injury in light of the fact that no disability was incurred after this 6/29/91 industrial injury. The District Hearing Officer fails to find sufficient evidence demonstrating causation between the alleged disability beginning 8/10/93 and this 6/29/91 industrial injury.
 {¶ 27} This order is based on 6/22/94 report of Dr. Greene, the fact that Dr. Greene did not treat claimant until 8/10/93, and Dr. Sheet's 3/3/95 report.
 {¶ 28} 9. Relator administratively appealed the DHO's order.
{¶ 29} 10. Following a July 17, 1995 hearing, a staff hearing officer ("SHO") issued an order affirming the DHO's order without further comment.
{¶ 30} 11. On August 21, 1995, another SHO mailed an order refusing relator's administrative appeal from the SHO's order of July 17, 1995.
{¶ 31} 12. On November 21, 2001, relator, James R. West, Jr., filed this mandamus action.
Conclusions of Law:
{¶ 32} Three issues are presented: (1) whether Dr. Sheets' March 3, 1995 report constitutes some evidence upon which the commission can rely to deny TTD compensation, (2) whether there is some evidence upon which the commission relied to support the commission's rejection of Dr. Greene's TTD certification on grounds that there is insufficient evidence demonstrating causation between the alleged disability and the industrial injury, and (3) whether the doctrine of laches bars this court from reviewing the commission's decision on TTD compensation in this action.
{¶ 33} The magistrate finds: (1) Dr. Sheets' report cannot constitute some evidence upon which the commission can rely to deny TTD compensation, (2) there is some evidence upon which the commission relied to support the commission's rejection of Dr. Greene's TTD certification on causation grounds, and (3) the doctrine of laches does not bar this court from reviewing the commission's decision on TTD compensation in this action.
{¶ 34} Because the commission's finding of insufficient evidence demonstrating causation is a finding independent of the report of Dr. Sheets, it is the magistrate's decision that this court deny relator's request for a writ of mandamus, as more fully explained below.
{¶ 35} Turning to the first issue, Dr. Sheets was a reviewing physician, not an examining physician, and a nonexamining physician must accept the findings of those who personally examine the claimant. State ex rel. Blue v. Indus. Comm. (1997), 79 Ohio St.3d 466, 470 (applying the rule originally set forth in Wallace v. Indus. Comm. (1979),57 Ohio St.2d 55, 59). Under the Wallace rule, the nonexamining physician is required to expressly accept all the findings of the examining physician, but not the opinion drawn therefrom. State ex rel. Consolidation Coal Co. v. Indus. Comm. (1997), 78 Ohio St.3d 176. The report of a nonexamining physician that fails to comply with the Wallace rule cannot constitute some evidence upon which the commission can rely. Blue, supra.
{¶ 36} There is no indication in Dr. Sheets' report that he even reviewed the reports of Dr. Greene, an examining physician, much less that he accepted Dr. Greene's medical findings. Thus, Dr. Sheets' report presents a textbook example of a nonexamining physician's failure to comply with the Wallace rule. Accordingly, Dr. Sheets' report must be eliminated from evidentiary consideration.
{¶ 37} Turning to the second issue, eligibility for TTD compensation is satisfied where an industrial injury results in a temporary condition that prevents a claimant from returning to his former position of employment. State ex rel. Ramirez v. Indus. Comm. (1982),69 Ohio St.2d 630. It is well settled that it is the claimant's burden to show the existence of a direct and proximate causal relationship between his industrial injury and the claimed disability. State ex rel. Waddle v. Indus. Comm. (1993), 67 Ohio St.3d 452.
{¶ 38} Deficiencies in the documentation submitted by the claimant in support of TTD compensation can be the some evidence supporting the commission's conclusion that there is insufficient evidence of TTD. State ex rel. Thomas v. Indus. Comm. (1989), 43 Ohio St.3d 31; State ex rel. Rawls v. Miami Margarine Co. (1997), 80 Ohio St.3d 357. Where the claimant's own evidence is insufficient, there is no need for the commission to rely upon other evidence to support a denial of TTD compensation. Id.
{¶ 39} Here, the glaring deficiencies in relator's own supporting evidence provided the commission with some evidence to support the conclusion that there is a lack of "sufficient evidence demonstrating causation" between the claimed disability and the industrial injury.
{¶ 40} Relator originally moved for TTD compensation beginning July 17, 1993, the day following his last date of employment at Hilltop Ford. Yet the letter from Hilltop Ford fails to explain why July 16, 1993 was relator's last day of employment there.
{¶ 41} Relator's motion was supported by a C-84 dated April 12, 1994, from Dr. Greene who certified TTD compensation beginning "July 93" even though Dr. Greene did not examine relator until August 10, 1993. Under the circumstances here, Dr. Greene cannot validly certify relator as being temporarily totally disabled prior to August 10, 1993. Rawls, supra, at 360 (applying State ex rel. Case v. Indus. Comm. (1986),28 Ohio St.3d 383). Apparently, Dr. Greene's certification that temporary total disability began "July 93" was meant to correspond to the end of relator's employment at Hilltop Ford. Belatedly realizing at the hearing that Dr. Greene could not validly certify TTD compensation prior to August 10, 1993, relator's counsel orally amended the request for TTD compensation to begin as of August 10, 1993.
{¶ 42} The documents relator submitted themselves cast considerable doubt upon the merits of the motion for TTD compensation. Presumably, relator was able to work at Hilltop Ford up to July 16, 1993, yet there is no explanation from relator as to why he left his employment at Hilltop Ford. The commission was not required to presume that relator departed Hilltop Ford because of his industrial injury when there is no evidence that is the case.
{¶ 43} Dr. Greene's June 22, 1994 narrative report does not directly state that Dr. Greene is of the opinion that there is a causal relationship between the August 10, 1993 clinical findings and the industrial injury. At best, Dr. Greene states only that "James West came into my office on 8/10/93 due to injuries he sustained while moving furniture at his place of employment."
{¶ 44} Dr. Greene's June 22, 1994 narrative report indicates that claimant told Dr. Greene on August 10, 1993, that he had been treated for his industrial injury while in Sidney, Ohio, but there is no evidence in the record from the Sidney, Ohio treating doctor to support that statement. Also, there is no record of treatment during the two year period from the date of injury to the August 10, 1993 visit with Dr. Greene. See State ex rel. Simon v. Indus. Comm. (1994), 71 Ohio St.3d 186,188 (while a lack of treatment may not always equate to a lack of disability, it can equate to a lack of proof of disability).
{¶ 45} The evaluation of the weight and credibility of the evidence before it rests exclusively with the commission. Here, the glaring deficiencies in relator's supporting documents provided the commission with some evidence to support a denial of TTD compensation. Thomas, supra; Rawls, supra. Relator had the burden to show a direct and proximate causal connection between his claimed disability and his industrial injury. There is clearly some evidence supporting the commission's conclusion that relator failed to meet his burden of proof.
{¶ 46} As previously noted, because the commission's finding of insufficient evidence demonstrating causation is a valid finding independent of the report of Dr. Sheets, there is no cause for the issuance of a writ of mandamus in this action.
{¶ 47} Turning to the third issue, respondent commission raises the defense of laches, pointing to the fact that relator delayed the filing of this mandamus action for over six years. Laches is an omission to assert a right for an unreasonable and unexplained length of time under circumstances prejudicial to an adverse party. State ex rel. Case v. Indus. Comm. (1986), 28 Ohio St.3d 383, 385. To successfully invoke the doctrine of laches, the party who will benefit from the operation of the doctrine must show that he has been materially prejudiced by the delay of the person asserting the claim.
{¶ 48} In order to show prejudice, the commission contends that relator's delay in the filing of this action deprived it of the right to obtain one or more examinations of relator under R.C. 4123.53, which provides in pertinent part:
 (A) The administrator of workers' compensation or the industrial commission may require any employee claiming the right to receive compensation to submit to a medical examination, vocational evaluation, or vocational questionnaire at any time, and from time to time, at a place reasonably convenient for the employee, and as provided by the rules of the commission or the administrator of workers' compensation. * * *
 (B) When an employee initially receives temporary total disability compensation pursuant to section 4123.56
of the Revised Code for a consecutive ninety-day period, the administrator shall refer the employee to the bureau medical section for a medical examination to determine the employee's continued entitlement to such compensation, the employee's rehabilitation potential, and the appropriateness of the medical treatment the employee is receiving. * * *
{¶ 49} The magistrate disagrees that relator's delay in filing this action deprived the commission of any right to have relator examined that was prejudicial to the question of temporary total disability compensation at issue here.
{¶ 50} August 21, 1995, the date that the commission mailed its order refusing relator's administrative appeal from the July 17, 1995 SHO's order is the earliest date that relator could have filed a mandamus action challenging the commission's denial of TTD compensation beginning August 10, 1993. By that date, i.e., August 21, 1995, any examination of relator would not be relevant to the period of TTD compensation at issue because the commission denied TTD compensation only up to the May 16, 1995 hearing date.
{¶ 51} Moreover, when relator filed his motion on July 15, 1994 seeking a back award of TTD compensation as well as future compensation, the commission apparently elected not to have relator examined but instead had Dr. Sheets perform a file review. Thus, as for compensation prospective of the July 15, 1994 filing of the motion, the absence of a report from a physician examining for the commission is due to the commission's own election. As for the compensation sought retrospective of the July 15, 1994 filing of the motion, R.C. 4123.52 grants to the commission the authority to award compensation for a back period of two years from the date of the application. Thus, the unavailability of a commission medical report prior to July 15, 1994, is due to the operation of R.C. 4123.52's grant of authority for back awards.
{¶ 52} Based on the foregoing analysis, the magistrate finds that the commission has failed to show that it has been materially prejudiced by relator's delay in filing this action and that, consequently, the doctrine of laches is not applicable to this action.
{¶ 53} Accordingly, for all the above reasons, it is the magistrate's decision that this court deny relator's request for a writ of mandamus.