DECISION
{¶ 1} Randall Fawcett filed this action in mandamus, seeking a writ which compels the Industrial Commission of Ohio ("commission") to vacate its order denying him permanent total disability ("PTD") compensation and which compels the commission to enter a new order granting the compensation. *Page 2 
 {¶ 2} In accord with the local rules, the case was referred to a magistrate to conduct appropriate proceedings. The parties stipulated the pertinent evidence and filed briefs. The magistrate then issued a magistrate's decision which contains detailed findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate's decision includes a recommendation that we deny the requested relief.
 {¶ 3} Counsel for Mr. Fawcett has filed objections to the magistrate's decision. The case is now before this court for review.
 {¶ 4} Mr. Fawcett was injured on August 18, 2001, while he was working as a truck driver. His claim has been recognized for "contusion of lower leg, left; abrasion, left hip; herniated disc L5-S1, right." His hip and leg injuries have apparently resolved themselves. The issue to be addressed is whether or not his herniated disc has rendered him incapable of sustained remunerative employment.
 {¶ 5} The staff hearing officer ("SHO") who reviewed Mr. Fawcett's application for PTD compensation had before her a report from Perry S. Williams, M.D., who assessed Mr. Fawcett as having a 13 percent whole person impairment. Dr. Williams concluded that Mr. Fawcett was medically capable of sedentary employment.
 {¶ 6} The more challenging question is whether Mr. Fawcett has sufficient transferable skills and sufficient residual capabilities such that he can be retrained to the point he can perform sustained remunerative employment, sedentary or otherwise. In workers' compensation language, does an application of the factors from State exrel. Stephenson v. Indus. Comm. (1987), 31 Ohio St.3d 167 allow the commission and this court to conclude that Mr. Fawcett is capable of acquiring the skills necessary for him to perform the duties of a new job. *Page 3 
 {¶ 7} We conclude that the commission's findings with respect to theStephenson factors are appropriate.
 {¶ 8} Mr. Fawcett is in his mid-fifties. He has an extensive work history, which indicates that he has the basic skills to hold some sort of a job. He is not so old that his age is a negative factor.
 {¶ 9} Mr. Fawcett has a high school education. He has performed jobs which require more than rudimentary skills. For instance, he drove an interstate trucking route for approximately four years. The job required careful record keeping. He appears to be of at least average intellect. He has good basic skills in reading, writing and math.
 {¶ 10} We do not minimize the challenge which Mr. Fawcett faces. He endures frequent pain from a variety of back problems other than those which have been recognized in this claim. However, these back problems cannot be used to further his application for PTD compensation.
 {¶ 11} We cannot overturn the commission findings, given the range of opinions before us. We therefore overrule the objection to the magistrate's decision. We adopt the findings of fact and conclusions of law in the magistrate's decision and deny the requested writ of mandamus.
Objection overruled; writ denied.
 BRYANT and BROWN, JJ., concur. *Page 4 
 APPENDIX A MAGISTRATE'S DECISION {¶ 12} Relator, Randall Fawcett, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which denied relator's application for permanent total disability ("PTD") compensation and ordering the commission to find that relator is entitled to that compensation. *Page 5 
Findings of Fact: {¶ 13} 1. Relator sustained a work-related injury on August 18, 2001, and his workers' compensation claim has been allowed for the following conditions: "contusion of lower leg, left; abrasion, left hip; herniated disc L5-S1, right."
 {¶ 14} 2. Relator underwent a laminectomy and diskectomy at L5-S1 on the right side in February 2003.
 {¶ 15} 3. Relator has not worked since the injury although he did pursue physical therapy and a work conditioning program. On September 14, 2005, relator's vocational rehabilitation file was closed because relator's physician of record stated that he could not work and should seek long term disability.
 {¶ 16} 4. On October 25, 2005, relator filed his application for PTD compensation. On his application, relator indicated that his treating physician P.L. Soni, M.D., limited him as follows: no lifting over ten pounds; cannot squat, climb, crawl or reach; cannot twist or bend; no repetitive lifting, sitting or standing. Relator also attached the September 14, 2004 office note of Dr. Soni wherein he stated, in pertinent part:
 * * * I think that due to his persistent pain and discomfort during rehabilitation, there is no further vocational rehabilitation options available. It is my recommendation that he seek permanent disability. From a medical standpoint, in all medical probability, I believe he has reached maximum medical improvement. No further surgical intervention can help him at this time. He will need continued care. * * *
 {¶ 17} 5. Relator was also examined by Perry S. Williams, M.D., who issued a report dated January 23, 2005. After providing his physical findings upon examination and indicating the records he had reviewed, Dr. Williams opined that relator had *Page 6 
reached maximum medical improvement ("MMI"), assessed a 13 percent whole person impairment and concluded that relator could perform sedentary work.
 {¶ 18} 6. Relator's application was heard before a staff hearing officer ("SHO") on May 12, 2006, and resulted in an order denying the requested compensation. The SHO relied upon the report of Dr. Williams and concluded that relator retained the ability to perform sedentary work. Thereafter, the commission provided its own analysis of the nonmedical disability factors. First, the SHO noted that at age 54, relator was a person of middle age, and that although he is not a younger worker, his age alone is not a bar to reemployment. Second, the SHO concluded that relator's educational level was a positive factor. The SHO noted that relator had graduated from high school in 1970. This evidenced an ability to perform basic reading and writing tasks associated with entry-level employment. The SHO also noted that relator had indicated on his application that he could read, write and perform basic math. Further, the SHO relied upon relator's testimony that he utilizes a computer at home. Third, with regard to relator's prior work history, the commission noted that he had held a variety of jobs. With regard to his job as a slitter-operator, the SHO noted that relator was required to use a tape measure, use basic math, and read papers to determine the size of the cuts and record the coils which he cut. The SHO also noted that relator had worked as a truck driver for a grocery warehouse which required him to deliver groceries in several states and required him to complete paperwork to record those deliveries. Having found that relator's educational level and work history were positive factors, the SHO found that relator was capable of performing the basic tasks associated with sedentary work without any further reference to relator's age. *Page 7 
 {¶ 19} 7. Relator's request for reconsideration was denied by order of the commission mailed July 15, 2006.
 {¶ 20} 8. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law: {¶ 21} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm.
(1967), 11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewis v. Diamond FoundryCo. (1987), 29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981),68 Ohio St.2d 165.
 {¶ 22} The relevant inquiry in a determination of permanent total disability is claimant's ability to do any sustained remunerative employment. State ex rel. Domjancic v. Indus. Comm. (1994),69 Ohio St.3d 693. Generally, in making this determination, the commission must consider not only medical impairments but, also, the claimant's age, education, work record and other relevant nonmedical factors. State exrel. Stephenson v. Indus. Comm. (1987), 31 Ohio St.3d 167. Thus, a claimant's medical capacity to work is not dispositive if the claimant's nonmedical factors foreclose *Page 8 
employability. State ex rel. Gay v. Mihm (1994), 68 Ohio St.3d 315. The commission must also specify in its order what evidence has been relied upon and briefly explain the reasoning for its decision. State ex rel.Noll v. Indus. Comm. (1991), 57 Ohio St.3d 203.
 {¶ 23} In this mandamus action, relator asserts that the commission has abused its discretion by failing to properly address the nondisability factors. Specifically, relator asserts that the commission did not adequately consider his age and failed to explain how any transferable skills translated into the ability to perform sedentary work. For the reasons that follow, this magistrate disagrees and recommends that this court deny relator's request for a writ of mandamus.
 {¶ 24} As noted in the findings of fact, the commission noted that relator was currently 54 years old and that, although he was not a younger worker, his age alone was not a bar to reemployment. Thereafter, the commission considered his education and work history and found that both were positive.
 {¶ 25} Relator cites State ex rel. Blue v. Indus. Comm. (1997),79 Ohio St.3d 466, for the assertion that his age must be evaluated where it would be outcome-determinative. In Blue, the commission had noted that the claimant was 57 years old, that he had a 12th
grade education and a work history as a certified electrician. The commission found that the claimant's educational level and the specialized nature of his former job indicated that he had the intellectual capacity and sufficient qualifications for successful training and eventual employment in the sedentary workforce. In mandamus, one of the claimant's arguments was that the commission had only mentioned his age without addressing it. With regard to that issue, the court specifically stated as follows: *Page 9 
 * * * While the commission did not "discuss" this factor, that flaw, in this instance, should not be deemed fatal. Claimant was fifty-seven when permanent total disability compensation was denied. While not a vocational asset, claimant's age is also not an insurmountable barrier to re-employment. If claimant's other vocational factors were all negative, further consideration of his age would be appropriate, since age could be outcome-determinative — the last straw that could compel a different result. All of claimant's other vocational factors are, however, positive. A claimant may not be granted permanent total disability compensation due solely to his age. Therefore, even in the absence of detailed discussion on the effects of claimant's age, the commission's explanation satisfies Noll.
Id. at 469-470.
 {¶ 26} This magistrate finds that the instant facts are similar to the situation in Blue. Here, relator is 54 years old, has a high school education, and has work experience which indicated that he could utilize basic math, had been required to complete paperwork and keep accurate records, and that he had performed work to precise mathematical tolerances. Given his high school education and work history, the commission concluded that he could perform some sedentary work. As inBlue, the commission found relator's education and work history to be positive factors. Relator's age is not an insurmountable barrier to re-employment. Because his education and work history factors were positive, and because relator could not be granted PTD compensation due solely to his age, the commission's absence of a detailed discussion on the effects of his age should not be deemed fatal.
 {¶ 27} Relator also asserts that the commission failed to explain how the nonmedical disability factors translate into the ability to perform sedentary work. Relator cites Ohio Adm. Code 4121-3-34(B)(3)(c)(iv) which provides: *Page 10 
 "Transferability of skills" are skills which can be used in other work activities. Transferability will depend upon the similarity of occupational work activities that have been performed by the injured worker. Skills which an individual has obtained through working at past relevant work may qualify individuals for some other type of employment.
 {¶ 28} Thereafter, relator quotes the following passage from the court's decision in State ex rel. Bruner v. Indus. Comm. (1997),77 Ohio St.3d 243, 245:
 We are disturbed by the increasing frequency with which the commission has denied permanent total disability compensation based on "transferable skills" that the commission refuses to identify. This lack of specificity is even more troubling when those "skills" are derived from traditionally unskilled jobs. * * *
 {¶ 29} In Bruner, the claimant's claim was allowed for bruised left elbow, a strain and sprain of his left ankle, lumbar spine and thigh, as well as a herniated lumbar disc and aggravation of pre-existing degenerative disease. The claimant was 59 years old, had obtained a GED, and had prior work experience as a maintenance worker and window washer. The commission found that the claimant had sufficient vocational skills to obtain or to be trained for sedentary or light employment based upon the claimant's GED and the fact that there are positions available in the labor market at the unskilled sedentary and light levels.
 {¶ 30} On review, the court sent it back to the commission to reconsider the claimant's nonmedical disability factors; however, the court did not grant the claimant relief pursuant to Gay because he did possess a high school equivalency degree, his age was not work-prohibitive, and because his physical impairment was relatively low there may be sustained remunerative employment for which he was capable. *Page 11 
 {¶ 31} In the present case, relator's work history is significantly different from the claimant in Bruner. In Bruner, the claimant had been a maintenance worker and a window washer. In the present case, relator worked as a slitter-operator for the railroad company and as a truck driver making grocery deliveries. The commission identified his ability to use basic math, to work to precise mathematical tolerance, and his ability to keep accurate records and follow instructions as indicative of his ability to perform the basic tasks associated with sedentary work. The magistrate finds that the commission's analysis in the present case differs significantly from the Bruner case and does not constitute an abuse of discretion.
 {¶ 32} Based on the foregoing, it is this magistrate's conclusion that relator has not demonstrated that the commission abused its discretion in denying his application for PTD compensation and relator's request for a writ of mandamus should be denied.
 STEPHANIE BISCA BROOKS MAGISTRATE *Page 1