OPINIONS OF THE SUPREME COURT OF OHIO
      The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
      Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
      NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

The State ex rel. Fultz, Appellant, v. Industrial Commission of
Ohio, Appellee.
[Cite as State ex rel. Fultz v. Indus. Comm. (1994),        Ohio
St.3d     .]
Workers' compensation -- Industrial Commission's order denying
      permanent total disability compensation an abuse of
      discretion when order enumerating evidence relied on omits
      two reports listed as being among the evidence the
      commission considered.
      (No. 93-1376 -- Submitted March 22, 1994 -- Decided May 18
, 1994.)
      Appeal from the Court of Appeals for Franklin County, No.
92AP-799.
      Appellant-claimant, Thelma Fultz, sustained two industrial
injuries in the course of and arising from her employment with
appellee, Southwest Ohio Regional Transit Authority.  The most
serious injury occurred in 1985 and claimant's workers'
compensation claim was allowed for "[s]train--cervical,
thoracic and lumbar, right ankle and right knee; somatoform
pain disorder with dysthymia."
      In 1987, claimant applied to appellee, Industrial
Commission of Ohio, for permanent total disability
compensation.  Attending physician, Steven D. Mueller, M.D.,
stated that "given [claimant's] level of education and
vocational skills, she should be evaluated for 100% permanent
disability [sic]."  He did not comment on the effect claimant's
medical condition alone had on her ability to work.
      Dr. Wayne C. Amendt examined claimant orthopedically and
concluded that, while unable to return to her old job, she
could do light work.  He assessed a twenty-two percent
permanent partial orthopedic impairment.  Psychologist Michael
T. Farrell, Ph.D., found that claimant's psychological
condition would not prevent her from engaging in any type of
sustained remunerative employment.  He also noted, however,
that:
      "Given her 48 years of age, past employment, the physical
and mental impairments recognized in the claim, and the
unrelated physical and mental impairments, it is my opinion

that she would not be a good candidate for vocational rehabilitation."

Dr. Walter A. Holbrook's combined-effects review assessed a fifty-three percent permanent partial impairment. Dr. Holbrook felt that claimant was limited to jobs requiring "lifting 10 lbs. occasionally and less than 10 lbs. frequently under low stress circumstances," and that she could not return to her former job.

The commission's rehabilitation division found that claimant's "[v]ocational aptitude testing and academic skills testing were rated below average and average respectively." Claimant's assets in favor of successful retraining included age, education (GED), semi-skilled work history and academic skills. Claimant's liabilities were listed as: (1) last date worked (May 24, 1985); (2) "[c]urrent physical capacities: sedentary to light strength range with limited sit/stand tolerance"; (3) current aerobic conditioning; (4) "[m]onetary disincentive; Mrs. Fultz received $817 per month in PERS benefits"; (5) "[a]ttitude toward participation in rehabilitation programming"; (6) "[i]nitiative during vocational screening"; (7) work pacing; (8) vocational aptitudes; and (9) psychological stability. Two evaluators concluded that claimant's biggest impediment to successful retraining was her poor attitude. Her file was consequently closed.

Claimant also submitted the vocational report of Anthony C. Riccio, Ph.D., who felt claimant to be permanently and totally "disabled" based on these factors:

"1. The claimant has not worked in more than five years.

"2. The claimant has never done sedentary work nor does she have any skills relevant to sedentary work.

"3. The claimant has been found disabled by PERS.

"4. The claimant has been found by Rehab to have no re-employment potential.

"5. The claimant has a Class 2 mental impairment. In terms of vocational probability, there is no such thing as low stress work for such people. Stress is not a job characteristic; it is a function of worker perception. The claimant's mental status would cause her to perceive all work settings as stressful. For her, there would be no such thing as low stress work. From a vocational perspective, she is clearly permanently and totally disabled [sic]."

The commission denied permanent total disability compensation, writing:

"The reports of Drs. Mueller, Amendt, Farrell & Holbrook were reviewed and evaluated. This order is based particularly upon the reports of Drs. Amendt, Farrell & Holbrook, the evidence in the file and the evidence adduced at the hearing.

"Claimant is 48 years old and has a high school equivalent education. Her work history has been as a bus driver. It was concluded that because claimant is still able to perform low stress sedentary employment, she is not permanently totally disabled. Specific reliance was based on the report of Dr. Holbrook. Further, it is noted that claimant has a high school equivalent education and is only 48 years old. Those factors would not mitigate against claimant obtaining low stress sedentary work."

Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying permanent total disability compensation. The court, finding the commission's order did not satisfy State ex rel. Noll v. Indus. Comm. (1991), 57 Ohio St.3d 203, 567 N.E.2d 245, vacated the order and returned the cause to the commission for further consideration and an amended order.

This cause is now before this court upon an appeal as of right.

Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy and Marc J. Jaffy, for appellant.

Lee I. Fisher, Attorney General, and Dennis L. Hufstader, Assistant Attorney General, for appellee.

Per Curiam. This controversy centers on a Noll sufficiency review and, if the order is found lacking, the relief deemed appropriate. Upon review, we find a Noll consideration to be premature, but for the reasons set forth below, we nonetheless affirm the judgment of the court of appeals.

Neither the commission's rehabilitation report nor Riccio's vocational report is listed in the commission's order as being among the evidence the commission considered. While the commission correctly contends in essence that it need only enumerate the evidence relied on, the fact that the commission in listing the evidence considered omitted those two reports from that list, leads to only one conclusion - - the commission either inadvertently or intentionally ignored that evidence. Because these reports could be the key to the success or failure of claimant's application, the cause must be returned to the commission for further consideration.

Accordingly, the appellate judgment is affirmed.

Judgment affirmed.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.