**[This opinion has been published in *Ohio Official Reports* at 79 Ohio St.3d 466.]**

THE STATE EX REL. BLUE, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO,
APPELLANT, ET AL.

[Cite as *State ex rel. Blue v. Indus. Comm*., 1997-Ohio-164.]

*Workers' compensation—Industrial Commission's denial of claimant's application
for permanent total disability compensation supported by "some evidence,"
when—Commission's nonmedical analysis satisfies the mandate of Noll,
when—Court of appeals errs in returning cause to commission for
consideration of claimant's memory loss, when.*

(No. 95-541—Submitted July 7, 1997—Decided September 24, 1997.)

APPEAL from the Court of Appeals for Franklin County, No. 93APD12-1731.

———————————

{¶ 1} Appellee-claimant, John Blue, Sr., sustained five industrial injuries during his employment career from 1980 through 1988. They have been collectively allowed for:

"(1) Hips and back, aggravation of pre-existing degenerative arthritis of the thoracic spine. (2) Acute traumatic sprain and strain lumbosacral muscles, fracture distal and mid phalanx, right great toe, acute traumatic contusion and sprain right ankle, fracture lateral distal tip right fibula, lumbosacral degenerative arthritis. (3) Sprain and strain of the right shoulder. (4) Twisted left knee, internal derangement left knee. (5) Right knee strain and sprain, synovitis and internal derangement, right ankle strain and sprain with synovitis, major depression."

{¶ 2} In 1990, claimant moved appellant, Industrial Commission of Ohio, for permanent total disability compensation. Commission specialist Dr. W. Jerry McCloud, an orthopedist, examined claimant and reported:

"In summary, Mr. Blue does have a variety of sources of loss of function as described. I feel that he would have restrictions against activities that required

prolonged ambulating or going up or down steps or stairs or incline planes or doing much in the way of kneeling or bending. He also had restrictions against repetitive lifting of objects whose weight would exceed 20 pounds. I do not think specific restrictions would be necessary in regard to his neck or either of his upper extremities nor to his thoracic area, although he does have some loss of function in that regard. I do feel that these restrictions would preclude his work activities as an electrician. However, he is only 56 and is a pleasant and bright and cooperative individual and possibly could get some benefit from rehabilitation.

"It is my opinion that this claimant does not present with medical evidence consistent with considering him permanently and totally impaired. The changes are permanent, and he has reached a level of maximum medical improvement and in claim 80-40261 [No. 1], demonstrates a permanent partial impairment of 10 percent of the body as a whole. There is a permanent partial impairment of 30 percent in claim 81-25764 [No. 2], 10 percent in claim 85-49982 [No. 3], 10 percent in claim 85-24665 [No. 4], and 10 percent in claim 88-43819 [No. 5]. Again, he relates to me that he has begun to receive his social security benefits and therefore rehabilitation may not be a realistic consideration."

{¶ 3} Dr. Thomas O. Hoover, a psychologist, opined that claimant's allowed depression was not work-prohibitive. He assigned a thirty percent permanent partial impairment to the condition.

{¶ 4} Dr. Paul H. Dillahunt performed a combined-effects review on the commission's behalf. He assessed a sixty-five percent combined permanent partial impairment and felt that claimant could engage in some other gainful employment that required occasional lifting of up to ten pounds.

{¶ 5} The commission denied permanent total disability compensation as follows:

"The medical evidence found persuasive are the reports of Commission specialists Drs. McCloud, Hoover and Dillahunt. Dr. McCloud, a Commission

orthopedist, opined that as a result of his physical injuries the claimant would have restrictions against repetitive lifting of objects over twenty pounds, excessive kneeling and bending, or prolonged ambulating or stair climbing. Dr. Hoover, a Commission psychologist, opines the claimant's mental condition represents a thirty percent permanent partial impairment which would not preclude his returning to his previous occupation. The combined effects review of Dr. Dillahunt finds a sixty-five percent whole body permanent partial impairment and opines the claimant is capable of lifting up to ten pounds occasionally. It is noted that none of the claimant's five industrial injuries [has] required more than conservative treatment. Based on the consideration of the above, the Commission finds the medical evidence does not support a finding of permanent total impairment. Rather, the claimant demonstrates a moderate impairment which, at most, only permits him to engage in sedentary employment. It is noted the claimant is fifty-seven years old, has a twelfth grade education and a work history as a certified electrician. Given the claimant's twelfth grade educational level and the specialized nature of his former electrician job, the Commission determines that the claimant presents [as] a candidate with the intellectual capacity and sufficient qualifications for successful training and eventual employment in the sedentary workforce. Accordingly, the claimant's application for permanent total disability is denied."

{¶ 6} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying him permanent total disability compensation. The court of appeals found that while the commission's medical analysis was supported by "some evidence," the commission's nonmedical analysis was incomplete. The court cited a passage from Dr. Dillahunt's report and wrote:

"Although we have overruled relator's specific objections to the referee's report, this court believes that the commission completely overlooked a relevant

*Stephenson* [*State ex rel. Stephenson v. Indus. Comm.* (1987), 31 Ohio St.3d 167, 31 OBR 369, 509 N.E.2d 946] factor contained in the evidence. In the report of Dr. Dillahunt, upon which the commission expressly relied, it is noted:

"'In addition to the orthopedic impairments it must be noted that claimant's mental impairment would further compromise claimant's occupational opportunities. Claimant is irritable, anxious, restless and depressed. *Claimant's memory is impaired for recent and remote events as claimant forgets many simple things which would compromise claimant's ability to remember locations and work like procedures or to understand and remember detailed instruction. * * *.*' [Emphasis added.]

"Although relator's claim is allowed for 'major depression' there is no evidence in the record indicating that the memory loss observed by Dr. Dillahunt is related to [the] allowed condition of 'major depression.' While numerous medical professionals had examined relator prior to Dr. Dillahunt's examination, none noted relator's memory loss.

"*Stephenson* and *Noll* [*State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St.3d 203, 567 N.E.2d 245], *supra*, require the commission to identify and consider *psychological* factors contained in the record, and explain how those factors, in combination with the allowed conditions in relator's claim either permit or foreclose sustained remunerative employment. The commission's order contains no discussion of relator's memory loss, a factor which unquestionably affects relator's ability to be reemployed in the sedentary work force. Consequently, the commission's order violates both *Stephenson* and *Noll*, *supra*.

"Upon an examination of the referee's report and an independent review of the file, this court adopts the findings of fact of the referee, but rejects the referee's conclusions of law. Accordingly, this court will issue a writ of mandamus ordering the Industrial Commission of Ohio to vacate its order denying permanent total

disability benefits and to issue a new order, either granting or denying said benefits, which complies with *Stephenson* and *Noll*, *supra*." (Emphasis *sic.*)

{¶ 7} The commission now appeals to this court as of right.

_____

*Schiavoni, Schiavoni & Bush Co., L.P.A., Joseph J. Bush III* and *Thomas Tootle*, for appellee.

*Betty D. Montgomery*, Attorney General, and *Diane M. Meftah*, Assistant Attorney General, for appellant Industrial Commission.

_____

**Cook, J.**

{¶ 8} Three questions are presented for our review: (1) Is there some evidence supporting the commission's determination that claimant is medically capable of sedentary work? (2) Does the commission's nonmedical analysis satisfy the mandates of *Noll*? and (3) Did the court below err in returning the cause for consideration of claimant's memory loss? For the following reasons, we answer each question affirmatively. Accordingly, we reverse the judgment of the court of appeals.

{¶ 9} Claimant does not—and cannot credibly—dispute his medical ability to do sedentary work. The commission relied on Drs. Hoover, McCloud, and Dillahunt, all of whom certified a capacity for such employment.

{¶ 10} The commission's order also satisfies *Noll*. Claimant's high school education and specialized electronics training present a favorable nonmedical profile. These two factors prompted the commission's conclusion that claimant had "the intellectual capacity and sufficient qualifications for successful training and eventual employment in the sedentary workforce." This is a reasonable conclusion; it is not an abuse of discretion and meets the *Noll* requirements.

{¶ 11} As another *Noll* flaw, claimant assails the commission's cursory mention of his age. While the commission did not "discuss" this factor, that flaw,

in this instance, should not be deemed fatal. Claimant was fifty-seven when permanent total disability compensation was denied. While not a vocational asset, claimant's age is also not an insurmountable barrier to re-employment. If claimant's other vocational factors were all negative, further consideration of his age would be appropriate, since age could be outcome-determinative—the last straw that could compel a different result. All of claimant's other vocational factors are, however, positive. A claimant may not be granted permanent total disability compensation due solely to his age. Therefore, even in the absence of detailed discussion on the effects of claimant's age, the commission's explanation satisfies *Noll*.

{¶ 12} Although the court of appeals' opinion seems to correspond with the above analysis, the court returned the case, citing the commission's failure to discuss claimant's alleged memory loss. This decision is erroneous and is reversed for the following reason.

{¶ 13} Dr. Dillahunt was a reviewing physician, not an examining physician, and a nonexamining physician must accept the findings of those who personally examined the claimant. *State ex rel. Wallace v. Indus. Comm.* (1979), 57 Ohio St.2d 55, 59, 11 O.O.3d 216, 219, 386 N.E.2d 1109, 1112; *State ex. rel. Hughes v. Goodyear Tire & Rubber Co.* (1986), 26 Ohio St.3d 71, 73-74, 26 OBR 61, 63, 498 N.E.2d 459, 461-462. Our review of the record reveals that no examining physician found claimant to have any memory loss. In fact, Dr. Dillahunt expressly accepted the factual findings of examining physicians Drs. DeRosa and Hoover, both of whom found claimant's memory and recall to be adequate. This inconsistency affects the credibility of the various reports. Since the commission weighs and evaluates the evidence, *State ex rel. Teece v. Indus. Comm.* (1981), 68 Ohio St.2d 165, 169, 22 O.O.3d 400, 403, 429 N.E.2d 433, 436, a reviewing court may not disturb the commission's decision either to disregard Dr. Dillahunt's unfounded statement or to credit instead the findings of Drs. DeRosa

and Hoover. Dr. Dillahunt's opinion regarding memory loss constitutes a rejection of the essentially contrary findings of claimant's examiners, which disqualifies the opinion from evidentiary consideration. It cannot, therefore, be a basis for return.

{¶ 14} Accordingly, we reverse the judgment of the court of appeals and reinstate the commission's decision denying permanent total disability compensation.

*Judgment reversed.*

MOYER, C.J., PFEIFER and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, RESNICK and F.E. SWEENEY, JJ., dissent and would affirm the judgment of the court of appeals.

————————————