[This opinion has been published in *Ohio Official Reports* at 88 Ohio St.3d 409.]

THE STATE EX REL. ROTHKEGEL, APPELLANT, *v*. CITY OF WESTLAKE;

INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Rothkegel v. Westlake*, 2000-Ohio-364.]

*Workers' compensation—Denial of claimant's application for permanent total disability compensation—Absence of an age discussion in Industrial Commission's order not a fatal flaw—Commission not required to list all evidence considered—Court of appeals' denial of writ of mandamus affirmed.*

(No. 98-1203–Submitted February 8, 2000—Decided May 17, 2000.)

APPEAL from the Court of Appeals for Franklin County, No. 97APD04-505.

_____

{¶ 1} Appellant-claimant, Edward Rothkegel, sustained two industrial injuries, in 1984 and 1985, while employed with the fire department of the city of Westlake. He applied for permanent total disability compensation in 1993. Appellee Industrial Commission of Ohio denied his application, writing:

"The following claims have been recognized for: * * * aggravation of arteriosclerotic heart disease[;] * * * hyperextension injury right knee superimposed upon pre-existing degenerative arthritis right knee.

" * * *

"This order is based upon the medical report(s) of Drs. [Donald E.] Pearson, [W. Jerry] McCloud and [Mubeen H.] Chida.

"Claimant is a 62 year old former firefighter-paramedic who is also a high school graduate. * * * His past experience includes being a carpenter and a lawn mower mechanic. Claimant was a paramedic for the last fourteen years of his twenty-eight year career with the Westlake Fire Department.

"Dr. McCloud * * * opin[ed] that claimant's right knee injury did not prevent him from returning to his former position of employment as a firefighter-paramedic. Dr. Pearson * * * indicated that the allowed knee injury would not prevent claimant from returning to his former position of employment. * * *

"The Staff Hearing Officer adopts the reports of Drs. McCloud and Pearson and finds that the allowed knee condition does not prevent claimant from returning to his former position of employment. * * *

" * * * Dr. Chida indicates that claimant gets angina on severe exertion. * * * Dr. Chida indicates that although claimant could not return to work as a firefighter-paramedic[,] he could perform a light occupation such as a desk job.

"The Staff Hearing Officer doubts the conclusions of Dr. Chida and finds that claimant could perform sedentary and/or light work. It is noted that with claimant's mechanical abilities he probably would have no difficulty in performing various light assembly table work types of positions. Claimant's expertise as a former carpenter could well qualify him to become a building inspector.

"Claimant'[s] fourteen years of experience as a paramedic would enable him to use his medical knowledge in various fields. It is noted that a paramedic is at the highest level of training that a firefighter or ambulance worker can attain short of being a physician's assistant, nurse or physician. Paramedic certification typically takes at least one year of training beyond that of an emergency medical technician.

"Someone with paramedic training would have the medical knowledge that would be useful in such positions as insurance claims adjuster, workers' compensation claims examiner and medical billing clerk. Having attained a high school degree shows that claimant would be capable of being trained to perform various positions.

"Based upon the above, the Staff Hearing Officer finds that the allowed conditions in these claims do not preclude claimant from returning to sustained

remunerative employment; therefore, the permanent and total disability application is denied."

{¶ 2} Reconsideration was denied.

{¶ 3} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in failing to (1) consider the vocational report of Mark A. Anderson and (2) properly discuss claimant's age. The court of appeals disagreed and denied the writ.

{¶ 4} This cause is now before this court upon an appeal as of right.

_____

*Ticktin, Baron, Koepper & Co.* and *Harold Ticktin*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Steven K. Aronoff*, Assistant Attorney General, for appellees.

_____

***Per Curiam.***

{¶ 5} Claimant initially alleges the right to a return of the cause to the commission pursuant to *State ex rel. Fultz v. Indus. Comm.* (1994), 69 Ohio St.3d 327, 631 N.E.2d 1057, based on the lack of reference to the Anderson vocational report in the commission's order. *Fultz*, however, does not apply. *Fultz* applies only where the disputed PTD order lists the evidence *considered* and omits a report from that list. In such a case, the evidence omitted is presumed to have been ignored. Where, as here, the commission lists only the evidence relied upon, omission does not raise the presumption that the evidence was overlooked. As we explained in *State ex rel. Buttolph v. Gen. Motors Corp., Terex Div.* (1997), 79 Ohio St.3d 73, 77, 679 N.E.2d 702, 705.

{¶ 6} "Although the commission is required to consider all evidence properly before it, it is not required to list each piece of evidence that it considered in its order. Under [*State ex rel.*] *Mitchell* [*v. Robbins & Myers, Inc.* (1983), 6 Ohio St.3d 481, 483-484, 6 OBR 531, 534, 453 N.E.2d 721, 724], * * * the commission

is required to enumerate in its order '*only* that evidence which has been *relied upon* to reach their conclusion * * *.' (Emphasis added.) * * * There is no requirement that the commission list all evidence considered. * * *

{¶ 7} "Nor does *Fultz* impose such a requirement. *Fultz* holds, in effect, merely that if the commission unnecessarily endeavors to enumerate the evidence considered, it must appear from its order that *all* evidence was given consideration. Thus, if the commission lists only the evidence *relied upon*, without any attempt to enumerate the evidence *considered Fultz* does not apply. * * *

{¶ 8} "In the case *sub judice*, the commission's June 24, 1993 order listed only the evidence relied upon. No effort was made to list the evidence considered. Thus, *Fultz* is inapplicable, and the claimant's argument must fail."

{¶ 9} We reached the same conclusion in *State ex rel. Lovell v. Indus. Comm.* (1996), 74 Ohio St.3d 250, 658 N.E.2d 284. There, we wrote:

"The present case and *Fultz* are distinguishable. Unlike *Fultz*, the present order did not unnecessarily enumerate the evidence considered. It listed only the evidence on which the order was based. Therefore, the presumption of regularity controls and consideration of claimant's deposition must be presumed." *Id*. at 253, 658 N.E.2d at 287.

{¶ 10} In this case, the commission listed only the medical evidence on which it relied. *Fultz* does not, therefore, control.

{¶ 11} Claimant also proposes that the commission's treatment of his age warrants a return of the cause for further consideration. The commission concedes that it mentioned claimant's age only in passing, but argues that the defect does not compel a return of the cause.

{¶ 12} Claimant relies on *State ex rel. Moss v. Indus. Comm.* (1996), 75 Ohio St.3d 414, 662 N.E.2d 364, in which we held:

"[The commission has a] responsibility to affirmatively address the age factor. It is not enough for the commission just to acknowledge claimant's age. It

must discuss age in conjunction with the other aspects of the claimant's individual profile that may lessen or magnify age's effects." *Id*. at 417, 662 N.E.2d at 366.

{¶ 13} Since that time, we have declared that the absence of an age discussion is not necessarily a fatal flaw, nor does it, in some cases, even compel a return of the cause. In *State ex rel. Blue v. Indus. Comm.* (1997), 79 Ohio St.3d 466, 683 N.E.2d 1131—relied on by both the commission and the court of appeals—we wrote:

"As another *Noll* flaw, claimant assails the commission's cursory mention of his age. While the commission did not 'discuss' this factor, that flaw, in this instance, should not be deemed fatal. Claimant was fifty-seven when permanent total disability compensation was denied. While not a vocational asset, claimant's age is also not an insurmountable barrier to re-employment. If claimant's other vocational factors were all negative, further consideration of his age would be appropriate, since age could be outcome-determinative—the last straw that could compel a different result. All of claimant's other vocational factors are, however, positive. A claimant may not be granted permanent total disability compensation due solely to his age. Therefore, even in the absence of detailed discussion on the effects of claimant's age, the commission's explanation satisfies *Noll*." *Id*. at 469-470, 683 N.E.2d at 1134.

{¶ 14} Claimant responds that *Blue* did not overrule *Moss* and did not, therefore, eliminate the commission's responsibility to affirmatively discuss age. This is true, but claimant misses the point. The question is not whether the commission has such a duty, but rather what happens when the commission falls short of this duty. *Blue* indicates that where the claimant's other vocational factors are favorable, a return of the cause is not a given.

{¶ 15} In this case, claimant's other vocational factors are favorable. Like the claimant in *Blue*, our claimant is a high school graduate. Both claimants,

moreover, received extensive additional schooling in highly demanding areas—Blue as a certified electrician and our claimant as a paramedic.

**{¶ 16}** Therefore, consistent with *Blue*, we decline to return the cause for further consideration, and affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, J., dissents.

RESNICK, J., dissents.

————————————

**ALICE ROBIE RESNICK, J., dissenting.**

**{¶ 17}** I would reverse the judgment of the court of appeals.

————————————