THE STATE EX REL. CHERRYHILL MANAGEMENT, INC., APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Cherryhill Mgt., Inc. v. Indus. Comm.,* 116 Ohio St.3d 27, 2007-Ohio-5508.]

(No. 2006–1930—Submitted September 11, 2007—Decided October 23, 2007.)

———————

**Per Curiam.**

{¶ 1} We are asked to determine whether appellee Industrial Commission of Ohio abused its discretion in finding that appellee Julia Beltre did not voluntarily abandon her former position of employment by refusing a drug-screening test. We find that it did not.

{¶ 2} Beltre worked for appellant, Cherryhill Management, Inc. Cherryhill's employment policy had drug- and alcohol-testing procedures that included the following:

{¶ 3} "3) All employees may be subjected to a reasonable cause drug testing and breath analyzer testing.

{¶ 4} "4) All employees of Cherryhill Management, Inc. involved in an accident, while on Company time, will be subjected to a drug screening and/or breath analyzer to determine if drugs or alcohol played a role in the accident. [* * *

{¶ 5} "5) Employees who need medical treatment as a result of an injury must request that a drug and alcohol screening be performed by the medical provider.

{¶ 6} "6) Employees identified as possibly having prohibited substances in their system and who refuse to sign a consent release form for a urinalysis and breath analyzer test may be disciplined up to and including discharge of employment."

{¶ 7} On March 15, 2005, Beltre was lifting a box at work and hurt her right shoulder and upper back. She reported to an urgent care center for treatment later that day. The record contains no medical records from that visit. There is, however, an affidavit from Pam Thrasher, an employee at the urgent care center.

{¶ 8} According to the affidavit, Thrasher directed Beltre to supply a urine sample and instructed Beltre, through a Spanish interpreter, on how to proceed. Thrasher stated that Beltre nodded her assent and acted as if she needed to urinate immediately. Through the closed restroom door, Thrasher heard Beltre urinate into the toilet. Beltre emerged with a sample of only 10 milliliters, 60 milliliters less than what was required for testing. Beltre returned to the restroom twice but failed to produce the required sample. Thrasher concluded: "In my opinion, Julia Beltre refused to cooperate and follow the directions of the drug/alcohol test."

{¶ 9} The next day, Beltre visited a local hospital with complaints of cervical and shoulder pain. A urine test performed on a sample collected at that time was negative for drugs.

{¶ 10} Despite this second test, Cherryhill fired Beltre. Although the record contains no written documentation relating to the termination, Cherryhill states that it fired Beltre for refusing to submit to a drug test on the date of injury and refers to the Thrasher affidavit.

{¶ 11} Cherryhill later argued to the commission that the misconduct leading to the firing was tantamount to a voluntary abandonment of the former position of employment, which barred compensation for temporary total disability. A district hearing officer disagreed, finding that there was no persuasive evidence of Beltre's deliberate failure to cooperate or refusal to submit to drug testing. The district hearing officer accordingly found no evidence that Beltre had voluntarily violated Cherryhill's work policy and, hence, no evidence that she had voluntarily abandoned her job. A staff hearing officer affirmed and added that

the drug test outlined in Cherryhill's policy was not a qualifying drug test that would prevent compensation for her injury as contemplated by R.C. 4123.54(C).

{¶ 12} Cherryhill filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission had abused its discretion in awarding Beltre compensation for temporary total disability. The court of appeals disagreed and denied the writ, prompting Cherryhill's appeal to this court as of right.

{¶ 13} Cherryhill, in effect, argues that absent contrary evidence, the commission must accept Thrasher's affidavit as persuasive. Alternatively, it argues that the commission was required to explain why the affidavit was unconvincing. Both propositions lack merit. The commission is exclusively responsible for evaluating the weight and credibility of the evidence before it. *State ex rel. Teece v. Indus. Comm.* (1981), 68 Ohio St.2d 165, 22 O.O.3d 400, 429 N.E.2d 433. It is obligated only to identify the evidence on which it relied in making a decision. *State ex rel. Mitchell v. Robbins & Myers, Inc.* (1983), 6 Ohio St.3d 481, 6 OBR 531, 453 N.E.2d 721. It is not required to explain why a document was found unpersuasive. *State ex rel. Bell v. Indus. Comm.* (1995), 72 Ohio St.3d 575, 651 N.E.2d 989.

{¶ 14} Accordingly, the commission did not abuse its discretion in rejecting Thrasher's affidavit and refusing to find that Beltre did not comply with Cherryhill's testing requirement. This, in turn, moots the need to discuss Beltre's assertion that the testing requirements do not meet the criteria of a "qualifying chemical test" under R.C. 4123.54.

{¶ 15} The judgment of the court of appeals is affirmed.

Judgment affirmed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

---

Gibson Law Office Co., L.P.A., and J. Miles Gibson, for appellant.

Marc Dann, Attorney General, and Derrick L. Knapp, Assistant Attorney General, for appellee Industrial Commission.

Evans Law Office and Marquette D. Evans, for appellee Julia Beltre.