THE STATE EX REL. NERLINGER, APPELLANT, *v.* AJR ENTERPRISES, INC. ET AL., APPELLEES.

[Cite as *State ex rel. Nerlinger v. AJR Ents., Inc.,* 116 Ohio St.3d 314, 2007-Ohio-6438.]

(No. 2006–2363—Submitted November 28, 2007—Decided December 13, 2007.)

**Per Curiam.**

{¶ 1} In this appeal as of right, we examine the Industrial Commission of Ohio's authority to reject a workers' compensation claimant's affidavit as unpersuasive. Upon review, we find no abuse of discretion.

{¶ 2} Appellant, John P. Nerlinger, was hired by appellee AJR Enterprises, Inc., on September 22, 2002. Two days later, he allegedly burned his hand at work. He claims that he reported the incident to the employer the next day, yet he waited nearly a year before filing a workers' compensation claim.

{¶ 3} On September 9, 2003, the Bureau of Workers' Compensation allowed Nerlinger's claim without a hearing. AJR filed a timely appeal, asserting that its first notice of any accident or injury was when Nerlinger filed his claim. On October 11, 2003, appellee commission sent a notice of hearing to Nerlinger at the address he had listed on his claim application. Nerlinger did not attend the October 30, 2003 hearing, and the district hearing officer denied his claim for lack of medical evidence corroborating the alleged injury. A copy of that order was also mailed to Nerlinger at that same address. Nerlinger did not appeal.

{¶ 4} Nerlinger later retained legal counsel. In January 2005, counsel moved for relief pursuant to R.C. 4123.522. That statute allows a party to file a belated appeal (1) if the party fails to receive notice of "any hearing, determination, order, award, or decision," (2) the lack of receipt was "due to cause beyond the control and without the fault or neglect of such person or his representative," and (3) "such person or his representative did not have actual knowledge of the import of the information contained in the notice." Nerlinger's motion claimed that he did not receive the October 11, 2003 notice of hearing or the October 30, 2003 order denying his claim. He claimed that the failure to receive those documents was through no fault of his own, and he attached his affidavit repeating those assertions to his motion.

{¶ 5} A staff hearing officer denied Nerlinger's motion after finding that both documents sent by the commission had been "properly mailed to the correct address of the injured worker." Nerlinger's motion for reconsideration was denied.

{¶ 6} Nerlinger filed a complaint in mandamus in the Court of Appeals for Franklin County. The magistrate believed that the commission's order was deficient because it did not make an express determination on the credibility of Nerlinger's affidavit. The magistrate recommended that a writ issue and that

the cause be returned to the commission for further consideration and an amended order. The court of appeals did not adopt that report, holding that the commission was not required to explain why it had found a particular piece of evidence unpersuasive. It accordingly denied the writ, prompting Nerlinger's appeal as of right to this court.

{¶ 7} As we explained in *State ex rel. Cherryhill Mgt., Inc. v. Indus. Comm.,* 116 Ohio St.3d 27, 2007-Ohio-5508, 876 N.E.2d 525, the commission is exclusively responsible for evaluating the weight and credibility of the evidence and need not explain why an affidavit is unpersuasive. We therefore affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

————————

Butkovich, Crosthwaite & Gast Co., L.P.A., Daryl A.W. Crosthwaite, and Stephen P. Gast, for appellant.

Marc Dann, Attorney General, and Gerald H. Waterman, Assistant Attorney General, for appellee.