[Cite as *State ex rel. Rumpke Consol. Cos., Inc. v. Indus. Comm.*, 2017-Ohio-6988.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Rumpke Consolidated Companies, Inc., | : | |
| | : | |
| Relator, | : | No. 16AP-48 |
| | : | |
| v. | : | (REGULAR CALENDAR) |
| | : | |
| Dajueneanti Montague, and Industrial Commission of Ohio, | : | |
| | : | |
| Respondents. | : | |

D E C I S I O N

Rendered on July 27, 2017

**On brief:** *Barno Law, LLC, Jamison S. Speidel, John A. Barno,* and *Zeboney Barrañada,* for relator.

**On brief:** *Michael DeWine,* Attorney General, and *LaTawnda N. Moore,* for respondent Industrial Commission of Ohio.

**On brief:** *Gloria P. Castrodale,* Attorney at Law, for respondent Dajueneanti Montague.

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

BROWN, J.

{¶ 1} Relator, Rumpke Consolidated Companies, Inc. ("Rumpke"), has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate the November 13, 2015 order of its staff hearing officer ("SHO") that denied relator's October 20, 2015 motion for R.C. 4123.522 relief, and to enter an order granting relief.

{¶ 2} This court referred the matter to a court-appointed magistrate pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals. The magistrate issued the appended decision, including findings of fact and conclusions of law, and recommended that this court deny Rumpke's writ of mandamus. Rumpke has filed objections to the magistrate's decision.

{¶ 3} We address Rumpke's objections together. Rumpke argues in its first objection that the magistrate erred in that the commission has a duty to specifically address critical issues and the mere recitation of the "mailbox rule" to deny a request for relief without any indication that the commission considered the rebuttable presumption is an abuse of discretion in that it clearly fails to address a critical issue. Rumpke argues in its second objection that the magistrate erred in that he incorrectly assumed the commission considered all evidence in reaching its decision, but the commission's order fails to indicate that any evidence was reviewed or considered. Rumpke argues in its third objection that the magistrate erred when he relied on the court's ruling in *State ex rel. Nerlinger v. AJR Ents., Inc.*, 116 Ohio St.3d 314, 2007-Ohio-6438 ("*Nerlinger II*"), because, although there is no requirement for the commission to list all evidence considered, it must review and consider it all in reaching its decision, and a mere recitation of the rebuttable presumption does not address the critical issue of whether the rebuttable presumption was overcome.

{¶ 4} Rumpke raises in its objections the same arguments it raised before the magistrate. However, we agree with the magistrate that *Nerlinger II* is on point and controlling authority in this case. The facts and arguments in *Nerlinger II* are strikingly similar to those here. In both this case and in *Nerlinger II*, the notice and/or order were mailed to the complaining party's correct address, the complaining party filed an affidavit indicating that it never received the notice and/or order, and the complaining party argued that the SHO's order did not contain an adequate explanation for denying relief because it did not reference the affidavit. The Supreme Court of Ohio found in *Nerlinger II* that the commission was not required to explain why the affidavit was unpersuasive. The court in *Nerlinger II* affirmed our decision in *State ex rel. Nerlinger v. AJR Ents., Inc.*, 10th Dist. No. 05AP-1207, 2006-Ohio-6143 ("*Nerlinger I*"). In *Nerlinger I*, this court found that if the commission lists only the evidence relied on, omission does not raise the

presumption that the evidence was overlooked, and there is no requirement that the commission list all evidence considered. We also noted in *Nerlinger I* that nothing in the record suggested that relator did not have an opportunity to present evidence or the SHO did not consider all of the evidence relator did present, including the affidavit. We concluded that, despite the absence of an explicit credibility determination, the SHO's order identified the evidence on which the SHO relied to make his determination—evidence that was sufficient to create a rebuttable presumption, which relator apparently failed to overcome—and that was all that was required.

{¶ 5} *Nerlinger I* and *II* address all of Rumpke's arguments included in its objections. Based on those two cases, the commission, in the present case, was not required to indicate that it considered the rebuttable presumption included in the "mailbox rule," the commission was not required to indicate that the affidavit was reviewed, and there is no evidence in the record that the commission did not review and consider all of the evidence—including the affidavit—in reaching its decision. Although we understand Rumpke's frustration with the commission's vague rationale for its decision, we are constrained to follow *Nerlinger I* and *II* and overrule Rumpke's three objections.

{¶ 6} Accordingly, after an examination of the magistrate's decision, an independent review of the record, pursuant to Civ.R. 53, and due consideration of Rumpke's objections, we overrule its objections and adopt the magistrate's findings of fact and conclusions of law. Rumpke's request for a writ of mandamus is denied.

*Objections overruled;*
*writ of mandamus denied.*

TYACK, P.J., and DORRIAN, J., concur.

_____

# APPENDIX

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. | : | |
| Rumpke Consolidated Companies, Inc., | | |
| | : | |
| Relator, | | |
| | : | |
| v. | | No.  16AP-48 |
| | : | |
| Dajueneanti Montague, | | (REGULAR CALENDAR) |
| And | : | |
| Industrial Commission of Ohio, | | |
| | : | |
| Respondents. | | |
| | : | |

### M A G I S T R A T E ' S   D E C I S I O N

#### Rendered on October 5, 2016

*Barno Law, LLC, Jamison S. Speidel, John A. Barno, and Zeboney Barrafiada, for relator.*

*Michael DeWine, Attorney General, and LaTawnda N. Moore, for respondent Industrial Commission of Ohio.*

### IN MANDAMUS

{¶ 7} In this original action, relator, Rumpke Consolidated Companies, Inc., requests a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate the November 13, 2015 order of its staff hearing officer ("SHO") that denies relator's October 20, 2015 motion for R.C. 4123.522 relief, and to enter an order granting relief.

<u>Findings of Fact</u>:

{¶ 8} 1. On November 10, 2014, Dajueneanti[1] Montague ("claimant") injured her left knee while employed with relator, a self-insured employer under Ohio's workers'

---

[1] The spelling of claimant's first name is taken from the complaint and answer filed in this action.

compensation laws.  The injury occurred when she was climbing down the ladder of a truck and twisted her left knee.

{¶ 9}  2.  The industrial claim (No. 14-859995) was initially allowed for "left knee sprain; left knee lateral meniscus tear; left knee medial meniscus tear."

{¶ 10} 3.  On June 18, 2015, claimant moved for additional claim allowances.

{¶ 11} 4.  By letter dated June 18, 2015, relator's third-party administrator ("TPA") informed claimant that relator objects to the motion and requests that the issue be set for hearing.

{¶ 12} 5. On June 24, 2015, Barno Law, LLC, filed with the Ohio Bureau of Workers' Compensation ("bureau") a form captioned "Employer Authorized Representative," which is designated by the bureau as an "R-1."  On the form, Barno Law, LLC indicated that it was relator's representative in the industrial claim.  It further indicated on the form that its address is:

> P.O. Box 91155
> Cols., OH  43209

{¶ 13} 6. On August 29, 2015, the commission mailed notice of hearing before a district hearing officer ("DHO") scheduled for Thursday, September 17, 2015, at 11:00 a.m., regarding the requested additional claim allowances.  The notice states that it was being mailed to:

> Barno Law LLC
> PO Box 91155
> Columbus Ohio  43209-7155

{¶ 14}  The notice also states that it was being mailed to Rumpke and to Rumpke's TPA at their respective addresses.

{¶ 15} 7. Following the September 17, 2015 hearing, the DHO mailed an order additionally allowing the claim for "Disc Herniation L4-L5" and "Disc Herniation L5-S1."

{¶ 16} The DHO's order states that "Mr. Speidel" appeared for the employer.  "Ms. Montague [and] Mr. Sommer" appeared for the injured worker.

{¶ 17} The DHO's order states that it was mailed September 22, 2015.  Rumpke and Rumpke's TPA are among those listed that were mailed a copy of the order.  Also listed is:

> Barno Law LLC
> PO Box 91155
> Columbus OH  43209-7155

{¶ 18} 8. On October 20, 2015, relator, through counsel, Barno Law, LLC, filed an online request for R.C. 4123.522 relief. The online request states:

> Reason for Relief: Employer's representative did not receive the DHO order published from the IC hearing held on 09/17/2015 because it was mailed to the proper address, but never received. It is requested that the Appeal filed on 10/20/2015 be deemed timely.

{¶ 19} 9. Also on October 20, 2015, relator, through counsel, Barno Law, LLC, filed an online appeal. The online appeal states:

> Reason for appeal:
> BARNO LAW did NOT receive a copy of the DHO order until being notified of the DHO order from the employer's TPA. BARNO LAW is filing a corresponding .522 [sic] Motion today requesting relief.
>
> * * *
>
> Additional evidence will be submitted.

(Emphasis sic.)

{¶ 20} 10. In support of its appeal and online request for R.C. 4123.522 relief, relator, through counsel, filed the affidavit of Joanie Damron executed October 20, 2015. The Damron affidavit avers:

> I am the legal assistant to John C. Barno at Barno Law LLC, the designated legal representative for **Rumpke Consolidated Companies**, the employer, in this claim, and have personal knowledge of the facts in this affidavit:
>
> 1) As legal assistant at Barno Law LLC, it is my responsibility to retrieve and enter mail from our PO Box, including Industrial Commission notices and orders.
>
> 2) At no time did Barno Law LLC receive the DHO order from the 9/17/15 hearing.
>
> 3) The failure to receive the order was not due to neglect or fault by the employer, and the local post office did not deliver this order.
>
> 4) Since Barno Law LLC is a paperless office, attached as Exhibit A is a print out of the documents contained in our electronic file, of which the 9/17/15 DHO order is not listed.

5) The employer would request the Commission permit the appeal, filed on 10/20/15, be considered timely since Barno Law LLC did not receive the DHO order, and had no actual knowledge of the order until 10/20/15.

The Affiant Further Sayeth Naught.

{¶ 21} 11. Following a November 13, 2015 hearing, an SHO issued an order denying relator's October 20, 2015 request for R.C. 4123.522 relief. The SHO's order explains:

It is the order of the Staff Hearing Officer that the Employer's Representative's request for relief, filed 10/20/2015, is denied.

It is found that a copy of the order of the District Hearing Officer, issued 09/22/2015, was properly issued to the correct address of the Employer's Representative. Therefore, pursuant to R.C. 4123.522, the request for relief is denied. The order of the District Hearing Officer remains in full force and effect.

{¶ 22} 12. On December 19, 2015, the three-member commission mailed an order denying relator's request for reconsideration of the SHO's order of November 13, 2015.

{¶ 23} 13. On January 22, 2016, relator filed this mandamus action.

Conclusions of Law:

{¶ 24} The SHO's order of November 13, 2015 denies R.C. 4123.522 relief based on the finding that the DHO's order of September 17, 2015 "was properly issued to the correct address of the Employer's Representative." That is, the DHO's order was correctly mailed to the address that Barno Law, LLC indicated on the R-1 form filed with the bureau on June 24, 2015. On that basis, R.C. 4123.522 relief was denied.

{¶ 25} Relator contends that it did not receive the DHO order notwithstanding that it was mailed to the correct address. In support, relator submitted the Damron affidavit with an attached exhibit.

{¶ 26} The SHO's order does not mention the Damron affidavit. The SHO's order does not explain why the affidavit was apparently found to be unpersuasive.

{¶ 27} Here, relator contends that the commission abused its discretion by failing to address the credibility of the affidavit and its exhibit. The magistrate disagrees. The commission did not abuse its discretion.

{¶ 28}  R.C. 4123.522 provides:

> The employee, employer, and their respective representatives are entitled to written notice of any hearing, determination, order, award, or decision under this chapter * * *. An employee, employer, * * * is deemed not to have received notice until the notice is received from the industrial commission or its district or staff hearing officers, * * * by both the employee and his representative of record, both the employer and his representative of record * * *.
>
> If any person to whom a notice is mailed fails to receive the notice and the commission, upon hearing, determines that the failure was due to cause beyond the control and without the fault or neglect of such person or his representative and that such person or his representative did not have actual knowledge of the import of the information contained in the notice, such person may take the action afforded to such person within twenty-one days after the receipt of the notice of such determination of the commission. Delivery of the notice to the address of the person or his representative is prima-facie evidence of receipt of the notice by the person.

{¶ 29}  In *Weiss v. Ferro Corp.*, 44 Ohio St.3d 178, 180 (1989), the Supreme Court of Ohio had occasion to analyze R.C. 4123.522.  The court states:

> There is a rebuttable presumption, sometimes called the "mailbox rule" that, once a notice is mailed, it is presumed to be received in due course. (Citations omitted.) R.C. 4123.522 provides that such presumption may, upon application to the Industrial Commission, be rebutted by evidence which shows that the addressee did not receive the mailed notice, and "* * * that such failure was due to cause beyond the control * * *" of that person.

{¶ 30}  In *LTV Steel Co. v. Indus. Comm.,* 88 Ohio St.3d 284 (2000), the Supreme Court had further occasion to analyze R.C. 4123.522:

> Employers and their representatives are entitled to receive notice from the commission under R.C. 4123.522, but that right is not self-executing. As the court of appeals found, the party alleging the failure to receive notice must first prove that (1) the failure of notice was due to circumstances beyond the party's or the party's representative's control, (2) the failure of notice was not due to the party's or the party's representative's fault or neglect, and (3) neither the party nor the party's representative had prior actual knowledge of the information contained in the notice. *Weiss v. Ferro Corp.* (1989), 44 Ohio St.3d 178, 180, 542 N.E.2d 340, 342. Only if

> the commission makes these findings does the moving party become unconditionally entitled to what amounts to a *second* notice of a commission order. This second "reconstituted" notice actually comes *from the commission* upon the determination that the moving party has rebutted the mailbox-rule presumption and that it is the one from which the new twenty-one-day appeal time is activated.

(Emphasis sic.)  *Id.* at 286-87.

{¶ 31} *State ex rel. Nerlinger v. AJR Ents., Inc.*, 116 Ohio St.3d 314, 2007-Ohio-6438, *("Nerlinger II"),* which affirmed this court's judgment in *State ex rel. Nerlinger v. AJR Ents., Inc.*, 10th Dist. No. 05AP-1207, 2006-Ohio-6143, *("Nerlinger I"),* are dispositive.

{¶ 32} On September 18, 2003, John P. Nerlinger filed an application for workers' compensation benefits.  Nerlinger alleged that he sustained chemical burns to both hands while employed with AJR Enterprises, Inc., a state-fund employer.  On the application form, Nerlinger listed his home mailing address as:

> 1050 Noyes Avenue
> Hamilton, Ohio  45015-2032

*Nerlinger I* at ¶ 16.

{¶ 33} On September 9, 2003, the bureau mailed an order allowing the industrial claim for "first degree burn bilateral hand."  *Id.* at ¶ 17.

{¶ 34} AJR Enterprises administratively appealed the bureau's September 9, 2003 order.

{¶ 35} On October 11, 2003, the commission mailed to Nerlinger a hearing notice specifying the date, time, and location of a hearing to be held before a DHO on the issue of the application for benefits.  Nerlinger did not appear for the hearing, nor did he appeal the DHO's October 30, 2003 order which indicated his absence from the hearing, and the commission's denial of benefits.

{¶ 36} On January 18, 2005, Nerlinger moved for R.C. 4123.522 relief.  In support, Nerlinger submitted his affidavit executed December 29, 2004, stating:

> John Nerlinger states that he is the injured worker in Ohio BWC Claim No. 02-886835 for injuries sustained on September 24, 2002. The Affiant further states that he failed to receive a copy of the Notice of Hearing nor did he receive a copy of the District Hearing Officer's order from the hearing

conducted on October 30, 2003. Affiant submits that the failure to receive these documents was through no fault of his own.

*Id.* at ¶ 23.

{¶ 37} Following an April 13, 2005 hearing, an SHO issued an order denying Nerlinger R.C. 4123.522 relief. The SHO's order explains:

It is the order of the Staff Hearing Officer that the injured worker's Motion filed 01/08/2005, is denied.

A copy of the [DHO's] findings mailed 11/01/2003 was properly mailed to the correct address of the injured worker.

A copy of the notice of hearing for the hearing of the [DHO] dated 10/30/2003 [sic] was properly mailed to the correct address of the injured worker.

The Staff Hearing Officer denies the injured worker's request for relief * * *.

*Id.* at ¶ 7.

{¶ 38} In denying the writ, this court explained:

Before the magistrate, relator argued that the SHO's order did not contain an adequate explanation for denying relief, thus violating *State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St.3d 203, 567 N.E.2d 245, and *State ex rel. Mitchell v. Robbins & Myers, Inc.* (1983), 6 Ohio St.3d 481, 6 Ohio B. 531, 453 N.E.2d 721. In particular, the order did not reference relator's affidavit. On that point, relator directed attention to *State ex rel. Fultz v. Indus. Comm.* (1994), 69 Ohio St.3d 327, 1994 Ohio 426, 631 N.E.2d 1057, in which the Ohio Supreme Court returned a case to the commission for further review and clarification because the commission omitted two reports from its list of the evidence considered.

In *State ex rel. Rothkegel v. Westlake* (2000), 88 Ohio St.3d 409, 410, 2000 Ohio 364, 727 N.E.2d 869, however, the Supreme Court explained that Fultz "applies only where the disputed [permanent total disability] order lists the evidence considered and omits a report from that list. In such a case, the evidence omitted is presumed to have been ignored." (Emphasis omitted.) However, where "the commission lists only the evidence relied upon, omission does not raise the presumption that the evidence was overlooked." *Id.* Even though the commission must " 'consider all evidence

properly before it, it is not required to list each piece of evidence that it considered in its order.' " *Id.* at 411, quoting *State ex rel. Buttolph v. Gen. Motors Corp., Terex Div.* (1997), 79 Ohio St.3d 73, 77, 679 N.E.2d 702. Rather, under Mitchell, the commission must " 'enumerate in its order "only that evidence which has been relied upon to reach their conclusion[."] * * * There is no requirement that the commission list all evidence considered.' " (Emphasis omitted.) *Rothkegel* at 411, quoting *Buttolph* at 77. *Accord State ex rel. Consol. Coal Co. v. Indus. Comm.*, Franklin App. No. 05AP-581, 2006-Ohio-3908.

As applied here, nothing in the record suggests that relator did not have an opportunity to present evidence or that the SHO did not consider all of the evidence relator did present, including his affidavit. Rather, the record shows that a hearing was held, and relator appeared. Relator does not argue that he did not have a hearing, that he could not present evidence or that he had additional evidence or defenses that were excluded. Instead, he argues only that the SHO's order was inadequate. We find, however, that, despite the absence of an explicit credibility determination, the SHO's order identified the evidence upon which the SHO relied to make his determination--evidence that was sufficient to create a rebuttable presumption, which relator apparently failed to overcome. Neither *Mitchell* nor *Noll* requires more.

*Id.* at ¶ 11-13.

{¶ 39} Following this court's judgment that denied the writ, Nerlinger appealed as of right to the Supreme Court. In *Nerlinger II*, the Supreme Court affirmed the judgment of this court, explaining:

In this appeal as of right, we examine the Industrial Commission of Ohio's authority to reject a workers' compensation claimant's affidavit as unpersuasive. Upon review, we find no abuse of discretion.

* * *
A staff hearing officer denied Nerlinger's motion after finding that both documents sent by the commission had been "properly mailed to the correct address of the injured worker." Nerlinger's motion for reconsideration was denied.

Nerlinger filed a complaint in mandamus in the Court of Appeals for Franklin County. The magistrate believed that the commission's order was deficient because it did not make

an express determination on the credibility of Nerlinger's affidavit. The magistrate recommended that a writ issue and that the cause be returned to the commission for further consideration and an amended order. The court of appeals did not adopt that report, holding that the commission was not required to explain why it had found a particular piece of evidence unpersuasive. It accordingly denied the writ, prompting Nerlinger's appeal as of right to this court.

As we explained in *State ex. rel. Cherryhill Mgmt. v. Indus. Comm.*, 116 Ohio St.3d 27, 2007 Ohio 5508, 876 N.E.2d 525, the commission is exclusively responsible for evaluating the weight and credibility of the evidence and need not explain why an affidavit is unpersuasive. We therefore affirm the judgment of the court of appeals.

*Nerlinger II* at ¶ 1, 5-7.

{¶ 40} *Nerlinger I* and *II* compel denial of the writ here. The SHO who issued the order of November 13, 2015 was not required to explain why she rejected the Damron affidavit as lacking credibility.

{¶ 41} As the *Weiss* court explained, there is a rebuttable presumption, sometimes called the "mailbox rule" that, once a notice is mailed, it is presumed to be received in due course. *Weiss* at 180. R.C. 4123.522 provides that such presumption may, upon application to the commission, be rebutted by evidence which shows that the addressee did not receive the mailed notice, and that such failure was due to cause beyond the control of that person.

{¶ 42} Regarding the *Weiss* court's analysis of R.C. 4123.522, the commission is not required to accept the rebuttal evidence submitted by the R.C. 4123.522 applicant who is endeavoring to show that the presumption is invalid in his or her particular case.

{¶ 43} Accordingly, for all the above reasons, it is the magistrate's decision that this court deny relator's request for a writ of mandamus.

/S/ MAGISTRATE
KENNETH W. MACKE

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).